## Petty's Estate (No. 2).

Argued March 30, 1933. Before SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Anne X. Alpren,* with her *Kenneth R. Cunningham,* for appellant.

*John G. Frazer,* with him *H. Parker Sharp* and *Reed, Smith, Shaw & McClay,* for appellee.

OPINION BY MR. JUSTICE KEPHART, April 17, 1933:

David F. Petty died November 30, 1930, and by his will appointed the Union Trust Company of Pittsburgh executor. At the audit of the account of the executor, his mother, Minessota Petty, alleging that she loaned her son $10,000, presented a claim against the estate for that amount. The court below decided against her claim. It arose in this manner:

Minessota Petty received a check for $10,000 as the beneficiary of an insurance policy on the life of her husband from the insurance company's agent. She endorsed the check and directed the insurance agent to send it to her son, the decedent. This was done. The agent testified that she received the check and gave it to her son. It is claimed by the mother, on testimony of others, that the transaction was a loan, not a gift. There was some evidence tending to show the transaction was not a gift, but it is clear from the record that the finding of fact by the lower court that it was a gift is supported by competent testimony. The court below found further: "David F. Petty was not at odds with his father and mother. He advanced some of the money to pay premiums on the policy which produced the fund delivered to him, proved by the production of five checks and nine receipts for premiums paid." It also found that there was a presumption of a gift arising from endorsement and delivery of the check: McConville v. Ingham, 268 Pa. 507; Campbell's Est., 274 Pa. 546. Such a transaction is naturally considered a gift: Yeager's Est., 273

Pa. 359. The court concluded that the presumption of a gift was not overthrown by any convincing testimony. With these facts before us, applying the rule so often announced that findings of fact will not be disturbed where there is evidence to support them, the conclusions of the court below are binding on us.

It is admitted that the mother was to receive a legacy of $10,000 by her son's will. Upon this she will be paid a substantial sum. She is a beneficiary under the insurance trust agreement, and the son provided for his mother during her life. This is not a case of entirely excluding the mother. See our opinion in the previous case, reported above.

Decree affirmed, with costs to be paid from the estate.