## Wood's Estate.

Argued December 15, 1937.

Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, J.J.

*Bruce W. Long,* with him *Frank F. Truscott, William N. Trinkle, Joseph C. Henry* and *Henry & Sutton,* for appellant.

*Raymond M. Remick,* of *Saul, Ewing, Remick & Saul,*

with him *Allen S. Olmsted, 2nd, Hannum, Hunter, Hannum & Hodge* and *Joseph D. Calhoun,* for appellee.

OPINION BY PARKER, J., March 4, 1938:

John P. Wood died June 24, 1927 leaving a will dated in 1923 in which he created a trust to continue during the life of his widow and until the decease of his last surviving child. The Pennsylvania Company for Insurance on Lives and Granting Annuities and three sons of the testator are trustees under the will. An account of the trusteeship having been filed certain of those entitled to the present income from the trust filed exceptions to the account challenging the right of the trustees to invest any funds of the trust estate in common stock of a private corporation. The court below in our opinion arrived at a correct conclusion in dismissing the exceptions.

From the early history of the Commonwealth fiduciaries were not permitted to invest the funds of a trust estate in stocks or bonds of private corporations, in the absence of authority granted by the instrument creating the trust or by the legislature: *Pray's Appeals,* 34 Pa. 100. Our present Constitution originally provided in Article III, §22 as follows: "No act of the General Assembly shall authorize the investment of trust funds by executors, administrators, guardians or other trustees, in the bonds or stock of any private corporation, and such acts now existing are avoided saving investments heretofore made." The Supreme Court has construed this provision of the Constitution, holding that where "a trustee is clothed with discretionary powers as to investments and reinvestments, neither the state constitutional provisions as to trust funds, nor the rule as to legal investments, applies: *Barker's Est.,* 159 Pa. 518; *Cridland's Est.,* 132 Pa. 479, 484": *Detre's Estate,* 273 Pa. 341, 345, 117 A. 54. Also see *Crawford's Estate,* 293 Pa. 570, 576, 143 A. 214; *Dempster's Estate,* 308

Pa. 153, 159, 162 A. 447. By the Fiduciaries Act of 1917, §41, permission was given by the legislature to invest in certain securities not including stocks and bonds of private corporations. On November 7, 1933, Article III, §22 of the Constitution was amended so as to read: "The General Assembly may, from time to time, by law, prescribe the nature and kind of investments for trust funds to be made by executors, administrators, trustees, guardians and other fiduciaries." Thereafter §41 of the Fiduciaries Act of 1917 was amended at various times extending the field of legal investments so that now under certain carefully guarded restrictions investments may be made in bonds of certain private corporations: Act, May 28, 1937, P. L. 1037 (20 PS 801). It will be noted that the present constitutional provision and all the statutory provisions are permissive only and that the legislature has not interfered with the discretionary powers which the creator of the trust may grant to the fiduciary.

The appellant insists that the Wood will does not empower the trustees to invest in common stock of a corporation. In examining that question we are admonished that "the power ought not to be sustained upon conjecture, nor inferred from general expressions of confidence, nor express grant of discretion as to matters not relating to the management of the fund. The presumption is against the existence of such a power, and all doubts should be resolved against the party asserting it": *Barker's Estate*, 159 Pa. 518, 529, 28 A. 365. Also see *Taylor's Estate*, 277 Pa. 518, 523, 121 A. 310.

The trustees in 1930 joined in the purchase of one hundred shares of the common stock of the Pennsylvania Railroad Company for the sum of $7,442.50. When testimony was taken on the exceptions, that stock was selling at about $35 per share, a depreciation of approximately fifty per cent.

The provision of the will upon which the trustees

depend is as follows: "My executors and trustees in their discretion may retain, obtain, hold, invest and re-invest in any securities or investments, and they shall not be confined to such securities or investments as are known or considered lawful and valid securities or investments for trustees in Pennsylvania; but I recommend, without imposing it as a binding obligation, that not more than one-fifth of my estate be invested in the same security or property, or in such as are closely related to each other in management or in purpose."

There is not a suggestion in the record that the trustees did not use common skill, prudence and caution in making this investment. In fact, it was conceded by the appellant on the oral argument that if the trustees were empowered to buy the common stock of any corporation, no fault could be found with this purchase. The appeal, therefore, raises a pure question of law as to the power to purchase common stock. It was disclosed by the inventory and appraisement of the estate that the testator at the time of his death had the larger part of his estate invested in common and preferred stocks of private corporations.

In short, the testator empowered his trustees to retain, invest and re-invest in any *securities* or *investments* and, apparently with the law in mind, provided that they should not be confined to "such securities or investments as are known or considered lawful and valid securities or investments in Pennsylvania." We have not the slightest doubt that the common stock of a private corporation[1] is both a security and an investment and that the testator intended to empower the trustees to invest in the common stock of a private corporation. In so concluding we do not resort to conjecture but rely upon the plain and unambiguous words of the instrument.

In common parlance, in the financial world and technically, common stock is a security and an investment,

as may be verified by resort to any standard dictionary. Not only so, but the term "investments" is given that meaning in our Constitution and in numerous statutes dealing with the very subject. If one were asked to list either his securities or his investments we cannot conceive of a reasonable and fair-minded person coming to any other conclusion than that those terms would each comprehend common stock. The term "securities" has frequently been held to include stock of a corporation: *Groby v. State*, 109 Ohio 543, 143 N. E. 126, 127; *Boston R. Holding Co. v. Com.*, 215 Mass. 493, 102 N. E. 650, 651; *In Re Pierce's Estate*, 177 Wis. 104, 188 N. W. 78, 80; *People v. Eiseman*, 78 Cal. App. 223, 248 P. 716, 725; *Fox v. Harris*, 141 Md. 495, 119 A. 256, 259.

The relevant circumstances confirm our conclusions. The appraised value of this estate was approximately $440,000 of which $47,000 was cash and proceeds of insurance policies, and of the remainder over $356,000, or 90%, was represented by stocks of corporations. The very words of the clause we are construing dealt not only with new investments but the retention of investments made by the testator in his lifetime. It would seem unreasonable to assume that he was only referring to the retention of investments that were authorized by statute or by the law as declared by the courts and that he was not covering what constituted a greater part of his estate. No authority was needed to retain legal investments. Such being the case, he must have had in mind common stocks in granting the power.

Appellant makes a point of the fact that the corporate trustee for a time was opposed to buying common stocks for this trust and had been cautioned by counsel against making such investments. Such policy was not inconsistent with the law. The fact that these fiduciaries had the discretionary power to invest in common stocks did not mean that they might with safety under every circumstance buy any common stock that was offered

for the fiduciaries had additional responsibilities which they could not avoid. In *Pray's Appeals,* supra, cited by appellant, a fiduciary with broad powers was charged with responsibility for losses incurred by reason of the purchase of common stock of a "wild-cat" oil company. There the company was organized to manufacture rosin oil under an untried patent. When the purchase of the stock was made the works were unfinished, little or no cash money was paid in and the capital stock subscribed was not paid in full. The buildings were placed on real estate subject to a large mortgage and the company started in business in November and suspended the following October unable to pay its debts. ' The court there reached the only reasonable result it could by surcharging the trustee not because he bought common stock, but because the fiduciary used neither common prudence nor common care in making the investment.

The propriety of an investment must be determined as it appeared at the time of the investment: *Wood's* *Estate,* 272 Pa. 8, 12, 115 A. 865; *Detre's Estate,* supra; *Bartol's Estate,* 182 Pa. 407, 38 A. 527. What a court requires from the trustee is common skill, common prudence and common caution: *Detre's Estate,* supra, p. 350; *Semple's Estate,* 189 Pa. 385, 390, 42 A. 28; *Wood's Estate,* supra; *Neff's Appeal,* 57 Pa. 91, 96. A trustee who is either supinely negligent in not knowing the facts or does not exercise his best judgment makes himself liable for resulting losses: *Hart's Estate* *(No. 1),* 203 Pa. 480, 53 A. 364.

The purpose of this trust as of others of like nature is to secure a fair return for the beneficiaries, but the trustees' task is investment and not speculation. Consequently, a primary thought of the trustee should be the preservation of the estate from loss. On the other hand the trustee has a duty to obtain as large a return as is consistent with the safety of the principal. The

advice given by this testator that the investments should be distributed in different securities was sound.

There is much less objection to investments in stocks today than there was a century ago. This is shown by the fact that the shrewd, conservative and experienced financier frequently authorizes trustees appointed by him to invest in stocks, realizing that circumstances may arise where they may be safer than bonds, although this is not the general rule. In periods of threatened inflation arising from a depreciated currency, common stock may be a safer investment than bonds. The final answer to the argument of appellant is that the testator who created the fund authorized his trustees to make just such investments in their discretion. Since, as we have indicated, there is not a suggestion that the trustees did not use due care in making this investment, the appeal must fail.[1]

A second exception alleged that when the four trustees agreed to purchase this stock it was understood that a stop order would be placed with brokers so that whenever the stock showed a loss of $2 per share it would be sold. A conclusive answer to this contention is that the auditing judge approved by the court in banc found that there was no such agreement. Such findings will not be disturbed where there is evidence to support them: *Petty's Estate (No. 2)*, 311 Pa. 372, 374, 166 A. 861.

Decree affirmed at costs of appellant.

---

[1] An able discussion of the problem here presented will be found in the opinions of the majority and the dissenting opinions of the minority of the Orphans' Court of Philadelphia County in *Carwithen's Estate*, 28 D. & C. 66 and *Donovan's Estate*, 28 D. & C. 93.