## McGraw's Estate

*Rodney T. Bonsall* and *Evans, Bayard & Frick,* for exceptant.

*Maurice Heckscher,* of *Duane, Morris & Heckscher,* contra.

STEARNE, J., April 6, 1939.—The trustee purchased "nonlegal" stocks of private corporations as part of the trust res. Upon an accounting objection was made to the investment as being unauthorized. The trustee relied upon the fifth item of the will reading as follows:

*"FIFTH:* In the general management of my estate I authorize my Executor and Trustee to retain any investments that I may have made, and I direct that my Trustees may invest in such securities as in their judgment are safe and proper, without restriction to those designated as "legal investments". I also authorize my Executor and Trustee, in their discretion to take part in any reorganization of any Company whose securities may be held by them, and to deposit such securities with any Committee and to exchange the same for other securities under the terms of such re-organization, and to pay any necessary and proper assignment for carrying out such plans."

It was conceded that decedent possessed no common stocks at the time of his decease. No allegation was made as to the improvidence of the investment. The auditing judge ruled, because testator had not possessed common stocks at the time of his death, that such extrinsic circumstance must be considered in construing the meaning of the fifth item of the will; that such meaning was, therefore, rendered doubtful as to testamentary intent authorizing investment in stocks of private corporations, and must be resolved against it. He surcharged the trustee and directed that such investment be replaced by cash.

A majority of the court (despite difference in opinion as to the true legal character of corporate stock as a "security" or "investment") are of opinion that it is bound by the decision in Wood's Estate, 130 Pa. Superior Ct. 397, which unequivocally decided that common stocks of private corporations are securities or investments within the meaning of the testamentary provisions (p. 401):

" 'My executors and trustees in their discretion may retain, obtain, hold, invest and reinvest in any securities or investments, and they shall not be confined to such securities or investments as are known or considered lawful and valid securities or investments for trustees in Pennsylvania . . .' ".

This decision is of added authority when it is observed that an allocatur was refused by the Supreme Court: 130 Pa. Superior Ct. xxxi.

The exceptions are sustained and the adjudication, as herein modified, is confirmed.

SINKLER, J., dissenting.—The opinion sustaining the exceptions to the adjudication relates that a majority of the court (despite difference in opinion as to the true legal character of corporate stock as a "security" or as an "investment") are of the opinion that this court is bound by the decision of the Superior Court in Wood's Estate, 130

Pa. Superior Ct. 397. Therein the language of the will was construed to authorize investment in shares of common stock.

The adjudication holding that the trustee under the present will has no authority to invest in shares of common stock contains the grounds whereon the auditing judge distinguishes the present case from the case cited. The minority of this court consider the findings of the auditing judge correct. On careful study of the opinion of Judge Parker in Wood's Estate, supra, additional grounds· are found for a distinction between the two cases. In the Wood case the executors were authorized in their discretion to retain, obtain, hold, invest, and reinvest in any *securities or investments,* without being restricted to legal investments for trust funds. This paragraph concludes with a recommendation that not more than one fifth of the estate be invested in the same *security or property.*

In the present case testator directs that his trustees "may invest in such *securities* as in their judgment are *safe and proper.*" The words "investments" and "property" are not used as in the Wood case. The use of the words "safe and proper" indicates that the trustees are limited to what are known, in their accurate sense, as "securities." "Safe" and "secure" have much the same meaning.

Authority to invest "in any securities or investments" justifies the conclusion that the common stock of a private corporation is both a security and an investment, and that testator intended to empower the trustees to invest in the common stock of a private corporation.

In the opinion of Judge Parker appears the following: "In common parlance, in the financial world and technically, common stock is a security and an investment."

Where a testator uses "security" or "investment" or "property" interchangeably, the terms may be construed as synonyms. But whatever may be the significance of the term "security" in common parlance, in the financial

world, and technically, we, the minority of this court, are of the opinion that if there be any question as to the meaning of the word it must be construed in its accurate sense in respect of the grant of authority to invest the corpus of a trust estate.

The views of the writer are set forth in the dissenting opinion in Donovan's Estate, 28 D. & C. 93, and need not be repeated here, except to summarize that "security" means certainty as to the status of the investment in respect of liens, covenant to pay the principal sum at a specified date, to pay interest in a stipulated amount at stated periods, to pay taxes, insurance, and other provisions for the security of the investor. The decisions of this State in respect of investments by trustees are to the effect that authority to invest in other than legal investments must be clear and unambiguous. In the present case the wording is not so clear and unambiguous as to authorize the investment in shares of common stock *as a class*. It might well be that certain shares of stock, guaranteed as to dividends and in other respect, might be regarded as a security; but the present authority to invest in such securities as are *safe and proper* does not include authority to invest in common stocks as a class, which may include shares without par value, with dividends payable at the discretion of the directors, and subject to being subordinated to debts, mortgages, and liens.

The opinion of Judge Parker concludes that there is much less objection to investments in stocks than there was a century ago. Whatever may be the popular view toward shares of common stock as an investment does not alter the inherent character thereof. The opinion, at the moment, of investors toward shares of common stock does not alter the structure of the shares from an accurately analyzed point of view.

A prior decision that authority to invest in securities or investments, with a recommendation that not more than a stipulated amount be invested in one security or prop-

erty, authorized the purchase of shares of common stock as a class is distinguishable from a decision that authority to invest in securities such as are safe and proper in the discretion of the trustees does not authorize the purchase of shares of common stock as a class.

Holding that the present case is to be distinguished from Wood's Estate, and that the proper construction of the present will does not authorize investment in shares of common stock as a class, the writer dissents from the decision of the majority and is of the opinion that the exceptions to the adjudication should be dismissed.

Bolger, J., joins in this dissenting opinion.