## Lindeman's Estate.

Argued November 15, 1939.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Paul A. Mueller,* of *Windolph & Mueller,* for appellant.

*William C. Rehm,* for appellee.

OPINION BY KELLER, P. J., December 13, 1939:

Daniel Lindeman died on October 2, 1928. By his will, dated September 8, 1919 and duly admitted to probate, he directed his estate to be converted into money and disposed of it as follows:

"Fourth. After my estate has been fully converted, I give and bequeath one-half thereof to my wife, Katie Lindeman absolutely. The other half I give and bequeath to my executrices, hereinafter named, in trust for the following uses:

"First. The income thereof to be paid to my wife, Katie Lindeman, during the term of her natural life, and, after her death, the principal thereof shall be equally divided among my four children, Anna, John, Emma and George, to them and their heirs absolutely. In the event of any of my said children dying before myself and wife, and leaving no heirs, then the portion of such deceased child shall be divided equally among my remaining childred and their heirs."

Katie Lindeman, testator's widow, died on June 22, 1938. This appeal is concerned with the distribution of

the principal of the one-half of the estate, the income of which was payable to the widow during her life.

John Lindeman, one of testator's sons, died on May 21, 1936, after the death of testator but before the death of Katie Lindeman. He left a widow but no *children* or issue. Letters of administration c. t. a. on his estate were granted to his widow, Maude M. Lindeman, to whom he left all his estate, by will dated January 28, 1931.

An account of the trust created for the use of his wife, Katie Lindeman, was filed in due course, after her death, and by adjudication filed February 16, 1939, the one-fourth share of the principal bequeathed to John Lindeman was awarded to his widow. Exceptions were filed by the other three children of testator, Anna Lindeman, Emma Kreider and George Lindeman, which were dismissed by the court. Emma Kreider appealed.

Appellant claims under the clause, "In the event of any of my said children dying before myself and wife, and leaving no heirs, then the portion of such deceased child shall be divided equally among my remaining children and their heirs." She contends that the word 'heirs', in the clause, 'and leaving no heirs', means 'children' or 'issue', and as John Lindeman left no children or issue, that his share or portion passed under the will to the remaining children.

But she overlooks the vital fact that the event, on the occurrence of which the bequest over to the remaining children was conditionally to take effect, never happened.

The will gave to each of testator's children a one-fourth interest in the principal of the trust fund, payable on the widow's death. This clause passed an absolute unconditional gift to each child—not to a class—and it vested in each child immediately on the death of the testator, provided only the child was then living. Had the will stopped there, this appeal would not be before us, for on John Lindeman's death, after his

father's, but before the widow's, death, his share or portion would have been payable to his estate.

The will, however, contained a condition which qualified or modified this absolute and unconditional bequest, to wit, "In the event of any of my said children dying before myself and wife, and leaving no heirs, then [and only then] the portion of such deceased child shall be divided equally among my remaining children and their heirs."

To make the condition effective, it was *primarily* necessary that the child must die *before the testator and his wife;* and secondarily, that the child so dying left no heirs. The secondary condition is not important unless the primary condition is fulfilled. If the child did not die *before the testator and* his wife, it is not necessary to consider whether or not he left "heirs". John Lindeman did not die before the testator and his wife. He survived the testator. Hence the conditional clause never took effect.

Appellant contends that the clause should be construed as if it read, "In the event of any of my said children dying before myself *or* wife"; but the clause is reasonable, sensible and effective, without any change in the words. No valid reason exists why the word 'or' should be substituted by the courts for 'and', as used by the testator.

The event not having happened, on the occurrence of which the appellant and her brother and sister were to have John's portion, if he left no heirs, the condition never became effective and the fund must be distributed as if it were not in the will.

John's portion is therefore payable to his widow, as administratrix c. t. a. of his estate. To this extent the decree of the court below is modified, and as modified it is affirmed at the costs of the appellant.