McGraw's Estate.

Argued December 6, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

94

*Maurice Heckscher,* for appellant.

*Rodney T. Bonsall,* with him *Evans, Bayard & Frick,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, January 2, 1940:

The question here involved is whether the trustee of the Estate of John J. McGraw was authorized by his will to invest in common stocks. The auditing judge concluded that such investments were improperly made and surcharged the trustee with the amount of them, directing that they should be replaced by cash. On exceptions, a majority of the court came to the contrary view and decided that the investments in common stocks were proper under the terms of the will and set aside the surcharge, holding that *Wood's Est.,* 130 Pa. Superior Ct. 397, 197 A. 638, ruled the question. From this determination the guardian and trustee ad litem appeals.

The paragraph of the will giving rise to the controversy is as follows: "Fifth: In the general manage-

ment of my estate I authorize my Executor and Trustee to retain any investments that I may have made, and I direct that my Trustees may invest in such securities as in their judgment are safe and proper, without restrictions to those designated as 'legal investments.' I also authorize my Executor and Trustee, in their discretion to take part in any reorganization of any Company whose securities may be held by them, and to deposit such securities with any Committee and to exchange the same for other securities under the terms of such re-organization, and to pay any necessary and proper assignment for carrying out such plans."

The case turns upon the effect to be given the word "securities." The auditing judge was of opinion that in using the word the testator did not mean to include common stock, basing his conclusion "on the fact that he himself owned no stocks" at the time of his death.

In common parlance, among all classes of people familiar with "securities," bankers, brokers, investors, speculators and lawyers, the term is used as signifying all classes of investments. Indeed we have so used it: "At the time of the investment, the stock and loans were valuable paying *securities:*" *Pray's Appeals*, 34 Pa. 100, 112. "We see no reason for surcharging the accountant with the loss sustained in the sale of the Pennsylvania and Reading Railroad stock. They were *securities* which the testator had himself purchased and held up to the time of his death. They were both dividend-paying *securities* and so continued for several years after the testator's death:" *Stewart's Appeal*, 110 Pa. 410, 424, 6 A. 321. In *Brown's Est.*, 287 Pa. 499, 502, 135 A. 112, in discussing the right of the trustees to retain stocks, we said: "They need not rush into a conversion of the securities left by the decedent." Similar use of the word as indicating both stocks and bonds can be found in our opinions in *Crawford's Est.*, 293 Pa. 570, 143 A. 214; *Macfarlane's Est.*, 317 Pa. 377, 177 A. 12; *Dickinson's Est.*, 318 Pa. 561, 179 A. 443,

and *Gardner's Est.*, 323 Pa. 229, 185 A. 804. In *Wood's Est.*, 130 Pa. Superior Ct. 397, the right of the trustee to invest funds of the trust estate in common stocks was challenged. In the course of the opinion, it is said (p. 401) : "In common parlance, in the financial world and technically, common stock is a *security* and an investment. . . . The term 'securities' has frequently been held to include stock of a corporation," citing cases from other jurisdictions. Section 227 of the Restatement, Trusts, Clause U, states: "A provision in the terms of the trust authorizing the trustee to invest in 'securities' is ordinarily interpreted as broad enough to include not merely secured obligations but also other investments such as shares of stock or debentures."

There is nothing in the will to indicate that testator used the word "securities" in other than its generally accepted sense. Words in a will, "must be taken in their ordinary signification in the absence of some reason appearing in the will for considering them in any extraordinary sense :" *Wanamaker's Est.*, 312 Pa. 362, 368, 167 A. 592. See to the same effect: *Hogg's Est.*, 329 Pa. 163, 196 A. 503; *Hirsh's Trust Est.*, 334 Pa. 172, 5 A. 2d 160. Generally speaking we conclude that under the term "securities" fiduciaries are authorized to invest in common stocks, subject, of course, to the rules covering the propriety of all investments by trustees. We do not regard the circumstance that the testator at the time of his death possessed no common stocks of importance in the interpretation of the clause of his will we are considering, but think the fact that he authorized his trustee to take part in reorganizations of companies whose securities may be held, and to exchange them for other securities issued in such reorganizations, in which in many instances common stocks must be issued and received, shows that he did not intend to ban such holdings.

Decree affirmed. Costs to be paid by the estate.