## Dunkelberger's Estate.

Argued January 22, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

512

*Samuel E. Bertolet,* with him *J. W. Bertolet,* for appellants.

*Geo. B. Balmer,* with him *Earle I. Koch,* for appellee.

PER CURIAM, March 25, 1940:

So far as concerns the question before us, the will of Frank M. Dunkelberger reads as follows: "Fourth: I order and direct that after all my debts and foregoing bequests are carried out, the balance of my estate shall be put in trust in the First National Bank of Oley, the income thereof and as much of the principal as necessary to take proper care of my beloved wife Sallie Y. Dunkelberger if living at the time of my decease.

"Fifth: In case my wife precedes me in death the balance of my estate shall be sold by my herein named executors and distribution made as follows: One-half of my estate to be divided equally among the following brothers and sisters or their next of kin, Albert M., Ellen Heydt, William M., Lillie Sassaman, Howard M., and Emma Kline; The balance or other one-half of my estate I bequeath to our niece Deborah Sailer, with the understanding that she does her duty in helping to care for my wife during her life."

His wife survived testator for nine months.

The Orphans' Court was of opinion that there was an intestacy and awarded the fund before it to the widow's executor as part of the $5,000 she would be entitled to take because of the intestacy. From this decision the brothers and sisters named in the will appeal, contending that testator's language was effective to dispose of his entire estate, the residue after the widow's death to go to them and his niece.

We conclude that the language was sufficient by fair implication to dispose of the entire estate to the wife:

*Bosworth's Est.*, 337 Pa. 265, 11 A. 2d 141. It is in the event that she "precedes me in death" that the gifts over take place. As this contingency did not arise, the widow took the residue absolutely.

The decree will be modified by the court below to award the fund to the executor of Sallie Y. Dunkelberger, as this opinion requires. Costs to be paid out of the fund.