## Title of Foreign Investment Corporation

SHOCKLEY, Deputy Attorney General, December 1, 1941.—You have asked to be advised whether a foreign business corporation organized for the purpose of dealing in investments, and having the word "securities" in its corporate name, may be granted a certificate of authority, in view of the fact that sections 202 and 1002 of the Business Corporation Law of May 5, 1933, P. L. 364, as amended, 15 PS §§2852-202, 2852-1002, expressly prohibit the use of the word "security" in the corporate name.

In your request you state that you are fully aware of the fact that in informal opinion no. 1023, rendered to you under date of September 13, 1939, this department advised that it was not permissible to have the word "securities" in the corporate name of a domestic or foreign business corporation, but that you desire a review of that opinion.

Paragraph A of section 202 of the Business Corporation Law, as last amended by the Act of July 31, 1941, P. L. 636, 15 PS §2852-202, reads, in part, as follows:

"The corporate name shall not imply that the corporation is an administrative agency of the Commonwealth or of the United States or is subject to the supervision of the Department of Banking or of the Insurance Department, and shall not contain the word 'bank,' 'banking,' 'bankers,' 'savings,' 'trust,' 'deposit,' 'insurance,' 'mutual,' 'assurance,' 'indemnity,' 'casualty,' 'fiduciary,' 'benefit,' 'beneficial,' 'benevolent,' 'public service,' 'building and loan,' 'surety,' *security*,' 'guaranty,' 'guarantee,' 'cooperative,' 'State,' or 'Commonwealth.' " (Italics supplied.)

Paragraph (5) of section 1002 of the Business Corporation Law, 15 PS §2852-1002, provides that the Department of State shall not issue a certificate of authority to any foreign business corporation ". . . which has as part of its name any word or phrase not permitted by this act to be a part of the name of a domestic business corporation."

In view of the foregoing statutory provisions, it would appear at first blush that a domestic or foreign business corporation would not be permitted to have the word "securities" in its corporate title, particularly since section 6E of the Business Corporation Law, 15 PS §2852-6, expressly provides that "The singular shall include the plural". It was on this basis that informal opinion no. 1023 was rendered.

Section 4 of the Business Corporation Law, as amended by the Act of July 2, 1937, P. L. 2828, 15 PS §2852-4, expressly limits the scope of the law by providing that it does not apply to:

"(3) Any corporation which, by the laws of this Commonwealth, is subject to the supervision of the Department of Banking, the Insurance Department, the Pennsylvania Public Utility Commission, or the Water and Power Resources Board."

The obvious purpose of the provisions in sections 202 and 1002, prohibiting the inclusion of certain enumerated words in the corporate name of a business corporation, is to supplement section 4 and prevent the use by business corporations of names suitable only for corporations — such as banks, trust companies, building and loan associations, and public utility companies—which must be organized under other statutes.

According to Webster's New International Dictionary (2nd ed.), the word "security" means:

"1. The quality or condition of being secure. . . .

"2. That which secures. . . .

"3. *Law*. a. Something given, deposited, or pledged, to make secure, or certain, the fulfillment of an obligation, the payment of a debt, etc.; property given or serving to render secure the enjoyment or enforcement of a right; surety; pledge; as, the *security* is poor. b. One who becomes surety for another, or engages himself for the performance of another's obligation; a surety.

"4. Chiefly *pl.* An evidence of debt or of property,

as a bond, stock certificate, or other instrument, etc.; a document giving the holder the right to demand and receive property not in his possession."

It will be noted that Webster points out that the plural of the word "security" is used in common parlance almost exclusively to mean evidences of debt or of property, such as bonds or stocks.

In McGraw's Estate, 337 Pa. 93 (1940), the Supreme Court defines the word "securities" as follows (p. 95):

"In common parlance, among all classes of people familiar with 'securities,' bankers, brokers, investors, speculators and lawyers, the term is used as signifying all classes of investments."

Moreover, the General Assembly itself, in passing The Pennsylvania Securities Act of June 24, 1939, P. L. 748, as reënacted and amended by the Act of July 10, 1941, P. L. 317, 70 PS §31 et seq., used the terms "security" and "securities" in the sense that they relate to investments.

Thus, it is apparent that the word "security", when used in the singular, has at least two wholly distinct meanings, but when used in the plural has one general meaning.

It is well known that banks, banks and trust companies, and savings institutions frequently use the word "security" in their corporate names, particularly as such corporations are expressly authorized to receive personal property for safekeeping. For example, banks, banks and trust companies, or trust companies are authorized by section 1001 of the Banking Code of May 15, 1933, P. L. 624, as last amended by the Act of July 29, 1941, P. L. 586, 7 PS §819-1001, among other things:

"(12) To receive, for safe-keeping, jewelry, plate, coin and other similar personal property, or bonds, mortgages, shares of stock, securities, and other valuable papers; and to rent out receptacles or safe deposit

boxes for the deposit of such papers or of such personal property".

In view of the foregoing, it is obvious that a bank, bank and trust company, or trust company, or a savings institution might well have the title "X Security Trust Company", which would clearly indicate that the institution was of a type that could be incorporated only under the Banking Code and would be under the complete supervision of the Department of Banking. On the other hand, a corporation having the title "X Securities Company" would indicate that such a company was engaged in the sale of securities, which would be the function of a business corporation. It is obvious why the word "security" was prohibited by section 202, supra, from forming part of the corporate name of a business corporation. It likewise is clear why the word "securities" was not prohibited.

While it is true that the Business Corporation Law, in section 6E, 15 PS §2852-6, expressly provides that "The singular shall include the plural", the fact remains that this statutory provision is to be applied only to the extent necessary to carry out the obvious intent of the legislature: See 59 C. J., title "Statutes," §586, p. 987.

In article III of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §501 et seq., various statutory rules are set forth as a guide in the construction of the statutes of this Commonwealth, including the rule that the singular shall include the plural: section 32, 46 PS §532; however, it is expressly provided that such rules shall be observed only if the application of such rules does not result in a construction inconsistent with the manifest intent of the legislature: section 31, 46 PS §531.

As we have pointed out, the use of the word "security" in the corporate name of a business corporation is prohibited because the use of that word in the corporate name would imply that the corporation is of

a type which may be formed only under the Banking Code and which is under the supervision of the Department of Banking. On the other hand, the use of the word "securities" in a corporate name would not raise such an implication. Accordingly, it is manifest that when the legislature prohibited the use of the word "security" it did not intend that the use of the singular also should include the plural of the word.

Accordingly, we are of the opinion that sections 202 and 1002 of the Business Corporation Law of May 5, 1933, P. L. 364, as amended, 15 PS §§2852-202, 2852-1002, do not prohibit the use of the word "securities" in the name of a business corporation, irrespective of whether such corporation is a domestic or foreign corporation. Therefore, informal opinion no. 1023 is hereby overruled.