## Doerr's Estate

*Abraham Berkowitz*, for exceptants.
*Paul A. Rafferty*, contra.

LADNER, J., July 14, 1943.—Two sets of exceptions are before the court. The first are the exceptions of decedent's next of kin who contend that the residuary bequests were by the express language of the will made contingent upon the testator's wife surviving the testator. The testator, after appointing executors to administer his estate, directed them "to expend the whole income for the maintenance of my wife, Beatrice V. L. Doerr, should she survive me and further, if necessary, to expend part of the capital therefor." Then follows the provision in controversy, viz, "I further direct, in the event of her death, should that event happen after my own, that . . . Executors aforesaid, shall divide and pay over the free Residue of my Estate both Capital and Income, after payment of all my just debts, death bed and funeral expenses as follows": (to named residuary legatees).

As the named wife's death did not happen *after* that of the testator, exceptants argue that the condition on which the residuary bequests were predicated was not fulfilled and, as there was no alternative gift, decedent died intestate. The auditing judge ruled otherwise, to which ruling the next of kin filed the exceptions now under consideration.

The learned auditing judge, relying principally on what he calls the "strong presumptions" that testator did not intend to die intestate and that he intended to dispose of *all* his property, ruled that the language used, by implication, showed that testator intended the named legatees to take in any event, at the death of the wife, whether the wife survived or not.

We cannot agree with this construction. While the intent of the testator is the pole star long fixed for the guidance of courts in interpreting wills: Prime's Petition, 335 Pa. 218; we must arrive at the intent from the meaning of the words used: Ludwick's Estate, 269 Pa. 365; and the presumption is that expressions used are employed in their ordinary normal signification

unless there is a clear indication to the contrary: Hogg's Estate, 329 Pa. 163, 166; McGraw's Estate, 337 Pa. 93. Now the plain, ordinary sense of the word "I further direct, in the event of her death, should that event happen after my own", is to impose on the gift to the legatees named the condition that the death of the wife must be subsequent to his own. In Dunkelberger's Estate, 337 Pa. 511, 512, the words "In case my wife precedes me in death" were held to make the gifts that followed contingent upon the wife's predecease. See also Conner's Estate, 346 Pa. 271, supporting the same general principle.

If this court could speculate as to what the testator had in mind but failed to express properly, we would say that the word "after" was used by mistake for the word "before"—this because in the preceding paragraph of the will the testator directed his executors to expend "the whole income for the maintenance of my wife Beatrice . . . should she survive me and further, if necessary, to expend part of the capital therefor." Having thus provided for the contingency of his widow surviving him, it would be natural to expect him next to provide for the contingency of her death *before* his own. However, the next paragraph as written reads "I further direct in the event of her death, should that event happen after my own, that said . . . Executors . . . shall divide and pay over the free Residue of my Estate both Capital and Income after the payment of all my debts, death bed and funeral expenses, as follows: [naming the legatees]." Change "after" to "before", and we have a logical will wherein one paragraph makes provision in case the wife survives, and in the next in case she predeceases, the testator.

But the testator did not use the word "before", and the real question is whether we may substitute a word he did not use for the word he did use. We cannot take such liberties with the testator's language for that

would not be interpreting, but rewriting a will. We might guess as to the testator's intent but no matter which way we conclude we would do violence to the language actually used and this we are not permitted to do, since the question in expounding a will is not what the testator meant but what is the meaning of his words: Ludwick's Estate, supra. Or, as put in Nebinger's Estate, 185 Pa. 399, the question is confined to the meaning of what the testator has said, and does not extend to the consideration of what he might have said but did not.

Of course, when the words used are equivocal, ambiguous, or contradictory to other parts of the will there are cases, such as Hannach's Estate, 332 Pa. 145, which permit us to make a plainly-intended disposition effective. Also, as pointed out by Mr. Justice Stern in Hogg's Estate, supra, where the context indicates the testator is using the language in a special sense, we may interpret accordingly "because the test is what his words meant to *him* and the thought *he* intended to convey by them." But this is done only when it is absolutely necessary so to do to support the evident meaning of the testator: Whitman's Estate, 329 Pa. 377, Conner's Estate, supra; and not when the words used are sensible and effective without changing them: Lindeman's Estate, 137 Pa. Superior Ct. 577.

No case has been cited us, nor have we discovered any, wherein a word of definite meaning such as "after" was changed to one of diametrically opposite meaning where the word used made a clear and effective disposition. The exceptions of the next of kin must be sustained.

The second set of exceptions were filed by the executor of testator's second wife who survived him but who is now also deceased. This testator's will was executed before his second marriage and the auditing judge ruled that, as to her, testator died intestate and she was entitled to take (there being no children) her widow's

allowance of $5,000 and one half of the estate. As she was one of the four legatees designated in the will to receive the entire estate had the testator's first wife died *after* him, her executor claimed that legacy in addition. Having decided those legatees cannot take and that the testator died intestate as to his whole estate, it is unnecessary to pass on the question sought to be raised.

The exceptions of the Fidelity-Philadelphia Trust Company, executor under the will of Sophie Doerr, deceased, are dismissed pro forma. The adjudication is modified as herein indicated and so modified is now confirmed absolutely.