## Brown Estate

*Robert B. Greer* and *Barnes, Dechert, Price, Myers & Rhoads*, for accountant.

*Albert Blumberg,* guardian and trustee ad litem.

VAN RODEN, P. J., April 8, 1953.—Decedent died on July 17, 1919. By his will dated April 14, 1913, and codicil thereto dated February 10, 1919, duly probated July 23, 1919, decedent devised and bequeathed substantially his entire residuary estate in trust for the payment of net income unto specifically designated life income beneficiaries with remainder in favor of their respective issue, as more fully set forth in the will and codicil. We are not here concerned with any problem of distribution. The income is currently being paid unto the designated income beneficiaries in the proportionate shares to which they are entitled.

The matter now before the court concerns the investment powers of the trustee, and since the rights

of the ultimate remaindermen may well be affected by the investment policies of the trustee, the court has appointed a guardian and trustee ad litem to represent minor descendants of the present income beneficiaries and also unborn and unascertained descendants having possible interests in the trust created under decedent's will.

The guardian and trustee ad litem has filed a number of objections to the fourth account of the trustee which is presently before the court for audit. Some of these have been disposed of in the adjudication filed contemporaneously herewith. However, certain of the objections involve the question of the propriety of particular investments and the court is thus required to render a judicial determination as to the power and authority of the trustee to invest funds belonging to the trust in investments authorized by the Fiduciaries Investment Act of May 26, 1949, as amended. We proceed to consider the problems thus presented.

Objection no. 4 relates to an investment in 100 shares of common stock of Doehler Jarvis Corporation. Objection no. 11 relates to investment in 100 shares of common stock in Shell Oil Co. Objection no. 12 relates to an investment in 100 shares of H. G. Green Co., Inc., common stock.

It is conceded by the guardian and trustee ad litem that all of these common stocks meet the special requirements of the Fiduciaries Investment Act of 1949, as amended, but the question has been raised whether the statutory provisions apply to this case in view of the language used by decedent in his will with respect to the investment powers of the trustee.

Objection no. 9 refers to an investment in Pennsylvania General State Authority bonds. Objection no. 10 relates to an investment in McKeesport, Pa., Housing Authority bonds. By stipulation, objection no. 10

has been deemed amended so as to likewise cover an investment in Beaver County, Pa., Housing Authority bonds. These investments are specifically authorized by the Fiduciaries Investment Act of 1949, but again the question has been raised as to whether such investments are prohibited by the terms of the will.

The investment powers of the trustee are contained in the second paragraph of item fourth of the will, reading as follows:

"To retain existing investments or to sell the same and make reinvestments as hereinafter provided; to invest and reinvest in mortgages which are a first lien on real estate in Pennsylvania and New York, in the first mortgage bonds of dividend paying railroads, in car trust or equipment trust certificates of dividend paying railroads, in United States loans, in the loans of the State of Pennsylvania and the State of New York, in loans of municipalities, township, school districts and similar public divisions in the State of Pennsylvania, and in ground rents in the City of Philadelphia";

With respect to the common stocks above-mentioned, it is clear that they do not meet the express requirements of the will. The first question to be considered, therefore, is whether there is statutory justification for the purchase of common stock by this trustee as an investment for the trust estate, apart from any consideration of the will.

In 1919, when decedent died, there was no statutory authority for the investment of trust funds in stocks. In fact, there was a constitutional prohibition against any such statute. Section 22 of Article III of the Constitution of 1874 provided that:

"No act of the General Assembly shall authorize the investment of trust funds by executors, administrators, guardians or other trustees, in the bonds or stock of any private corporation, and such acts now

existing are avoided saving investments heretofore made."

By constitutional amendment dated November 7, 1933, section 22 of Article III was changed to read as follows:

"The General Assembly may, from time to time, by law, prescribe the nature and kind of investments for trust funds to be made by executors, administrators, trustees, guardians and other fiduciaries."

Not until 1947, however, did the legislature permit investment of trust funds in either preferred or common stock of a private corporation. By Act of June 27, 1947, P. L. 1080, sec. 13, 20 PS §801(16), the legislature added subsection 16 to section 41 of the Fiduciaries Act of 1917, permitting the investment of trust funds in the preferred stock of corporations meeting certain requirements specifically set forth in the statute.

At the following session of the legislature, there was enacted the Fiduciaries Investment Act of 1949, 20 PS §821.1 et seq. Section 9 of the Fiduciaries Investment Act of 1949 (20 PS §821.9) likewise authorized the investment of trust funds in preferred stocks, but did not permit any investment by a fiduciary in common stocks.

In 1951, the legislature amended the Fiduciaries Investment Act so as to authorize investment in common stocks meeting the statutory requirements, as well as in preferred stocks: Act of August 24, 1951, P. L. 1410, sec. 1, 20 PS §821.9.

With respect to the question whether the provisions of the 1951 statute can be held applicable to the estate of a testator dying in 1929, the statute itself attempts to supply the answer.

Section 22 of the Fiduciaries Investment Act of 1949, 20 PS §821.22, provides that:

"The provisions of this act shall become effective upon final enactment and shall apply to all investments thereafter held or acquired by fiduciaries."

Section 2 of the amendatory Act of August 24, 1951, P. L. 1410, provides that:

"The provisions of this act shall become effective immediately upon final enactment."

Although there do not appear to be any reported appellate decisions in this jurisdiction expressly holding that investments made in conformity to the provisions of the Fiduciaries Investment Act of 1949 are legal for trust estates created prior to the effective date of the act, the general tenor of the previous case law would seem to support such proposition. Thus, it was held in Wood's Estate, 130 Pa. Superior Ct. 397, 403 (1938), that the "propriety of an investment must be determined as it appeared at the time of the investment." Similarly, in Glauser Estate, 350 Pa. 192, 202 (1944), the Supreme Court held that the propriety of an investment must be judged as it appeared at the time it was made. The case of In re Steed, 40 D. & C. 1 (1940), directly held that the legality of a trust investment is to be determined under the law in force at the time the investment was made.

In 170 A. L. R. 1219, 1226, it is stated as a general rule that a will or other trust instrument is to be construed and it takes effect as modified by any statute whose terms apply to it.

In Rouse Estate, 1 Fid. Rep. 514 (O. C., Philadelphia (1951)), there is dictum by Judge Klein which seems to approve the retroactive application of the Fiduciaries Investment Act of 1949 with respect to trusts previously created, insofar as the legality of investments is concerned, but the investment there under consideration was made prior to the effective date of the act.

In Close Trust, 83 D. & C. 136 (1952), Judge Hunter stated:

"It has been assumed in Pennsylvania, with little discussion, that the Legislature may change the definition of legal investments as to existing trusts . . .

"The purpose of the Legislature was to protect trust estates in a changing world, beyond the power of a testator or settlor to see or anticipate. The statute is a rule of construction which states the presumed intent of testator-settlor, and in my opinion is applicable to trusts existing before its passage."

For a complete discussion of the Pennsylvania decisions on this point see Fiduciary Review of March 1953.

Accordingly, this court holds that a statute may broaden the legal investment catagory as to subsequent investments in an existing trust, in the absence of an express restriction to the contrary in the trust instrument.

The next problem to be considered, therefore, is whether the instant will contains any such "express restriction to the contrary". The guardian and trustee ad litem contends that the explicit enumeration in the instrument of a list of approved investments or classes of investments is tantamount to a restriction to the contrary as to any security not so listed, notwithstanding such unlisted security may in other respects be deemed to be a so-called "legal investment".

The only Pennsylvania case in point is Close Estate, supra, which was not decided until after the filing of the report of the guardian and trustee ad litem in the instant case. In the Close case, where the will somewhat resembles the instant will, testator provided that the trustees "shall invest and reinvest the funds which may at any time come into their hands in well secured first Mortgages secured on real estate in the City of

Philadelphia or in well secured Ground Rents issuing out of Real Estate in said City or in Two story brick houses clear of incumbrance in good localities in said City or in Bonds of the United States, State of Pennsylvania or the City of Philadelphia".

Judge Hunter held that in view of the fact that the will contained no express restriction, it was to be construed as expressing testator's preference for the investments he enumerated and not as forbidding other legal investments.

However, in Drexel Trust, 1 Fid. Rep. 530 (O. C., Phila. (1949)), the trustees were surcharged for investing funds belonging to the trust estate in railroad preferred stock (authorized by the statute) where the will restricted investments in railroad securities to "first class mortgage bonds". In the Drexel case, the will specifically enumerated investments which testator approved, and added "such securities as are considered lawful and valid investments for Trustees in the State of Pennsylvania". Judge Hunter held that testator fixed the standard of railroad investments which could be made by the trustees and that preferred stocks of railroads did not qualify. The Drexel case may be distinguished from the Close case in that the particularity of reference to railroad bonds might logically be held to preclude railroad preferred stocks but did not necessarily preclude industrial preferreds.

The English courts have considered the effect of somewhat similar legislation on the powers of trustees and have uniformly held that the enumeration of a list of approved securities in the trust instrument does not amount to an express prohibition of investments authorized by a subsequent statute. See In re Dick (1891), 1 Ch. 423, affirmed by the House of Lords in Hume v. Lopes et al. (1892), A. C. 112; In re Maire (1905), 49 Sol. Jo. 383; In re Burke (1908), 2 Ch. Div. 684.

In the commission's comment to section 18 of the Fiduciaries Investment Act of 1949, it is stated that the last sentence of the section "is intended to make it possible for the fiduciary to invest in investments authorized by this Act, even though the trust instrument indicates that other investments shall be made". This court approves of the legislative policy, as expressed by the Commission. It is manifestly unwise to bind a trustee in an investment strait-jacket fashioned by a settlor or testator who could not possibly have foreseen the economic exigencies of the present fast-moving world. We must credit the legislature with the desire to protect and promote the best interests of both income beneficiaries and remainderman of trust funds, and the decision of the legislature as to the propriety of trust investments should not be disregarded by the courts in the absence of a clearly expressed restriction to the contrary in the trust instrument.

Accordingly, in the absence of an express restriction in the instant will against making the investments authorized by the Fiduciaries Investment Act of 1949, as amended, this court holds that testator, by stipulating in his will the classification of securities for investment by the trustee, merely indicated his preference as to investment policies and did not expressly preclude the trustee from investing in other legal securities.

The court holds that the trustee was duly authorized by the legislature and not prohibited by testator in investing funds of this trust estate in common stocks meeting the requirements of the statute. Therefore, objections nos. 4, 11 and 12 are hereby dismissed.

With respect to the General State Authority bonds, the McKeesport, Pa., housing authority bonds and the Beaver County, Pa., Housing Authority bonds hereinabove mentioned, the court is convinced that there is

considerable merit to the argument of the learned guardian and trustee ad litem that such bonds cannot qualify as loans of a "public division" of the State of Pennsylvania, and therefore do not come within the class of governmental obligations expressly authorized by testator. However, it is not necessary for the court to decide this precise question, since such authority bonds are unquestionably "legal investments" within the purview of the statute. Section 5 (1) of the Fiduciaries Investment Act of 1949, 20 PS §821.5 (1), provides that:

"Obligations of the following Pennsylvania governmental organizations shall be authorized investments:

"(1) General State Authority and Other State Authorities. Obligations issued by the General State Authority and other authorities created by the General Assembly of the Commonwealth of Pennsylvania, for the payment of which the faith and credit of the authority is pledged."

Similarly, subsection 2 of section 5 of the Fiduciaries Investment Act of 1949 authorizes the following investments:

"(2) Housing Authorities. Obligations of any housing authority issued pursuant to the laws of the Commonwealth relating to the creation or operation of housing authorities."

The authority bonds in question meet the requirements of the statute and therefore qualify as a legal investment for trust funds in the absence of a contrary provision in the will. As hereinabove held with respect to common stocks, it is the opinion of this court that the directions of decedent set forth in his will with respect to approved governmental bonds is not tantamount to an express restriction against investment by the trustee in other bonds declared by the statute to be legal for trust investments.

Accordingly, this court holds that the trustee was duly authorized by the legislature and not prohibited by testator in investing trust funds in authority bonds meeting the requirements of the statute. Objections nos. 9 and 10 are therefore hereby dismissed.

Although it will be observed that the conclusion of the court does not coincide with the contentions raised by the objections filed by the guardian and trustee ad litem, it must be noted that the intelligent and important questions he has raised and the careful and scholarly treatment he has given to the same by the objections, has been of inestimable value to the court. The guardian and trustee ad litem, Albert Blumberg, Esq., is to be commended for the efficient service he has rendered in the performance of his duties and in raising questions the decision of which will no doubt be of great importance for the future interpretation of the statutes referred to.