STATE OF NORTH CAROLINA EX REL. UTILITIES COMMISSION v. CAROLINA TELEPHONE AND TELEGRAPH COMPANY.

(Filed 2 November, 1955.)

1. **Utilities Commission § 2—**

   The common capital stock of a corporation is a security within the meaning of that term as used in G.S. 62-82, 83, and the Utilities Commission has authority not only to veto a proposed issue and sale of capital stock by a public utility to its stockholders at a designated price per share, but also to stipulate the minimum price at which the stock may be sold.

2. **Utilities Commission § 3—**

   Findings of fact by the Utilities Commission that a proposed issue and sale by a public utility of its common stock to its stockholders at the pro-

posed price would not provide the utility with the funds necessary to meet the ever-increasing demands made upon it for public service, that the sale at $125 per share would barely provide the necessary capital, and that the stock of the utility was selling on the open market at a price in excess of $144 per share, are sufficient to support its order requiring the utility to sell the stock at a price not less than $125 per share.

WINBORNE and JOHNSON, JJ., took no part in the consideration or decision of this case.

APPEAL by Utilities Commission from *Nimocks, J.,* May Term, 1955, EDGECOMBE. Modified and affirmed.

The petitioner, Carolina Telephone and Telegraph Company, proceeding under G.S. 62-82, *et seq.,* filed a petition before the Utilities Commission seeking authority to issue and sell 33,320 shares of its common capital stock to its stockholders at par of $100 per share. The Utilities Commission approved the plan of financing set forth in the petition but vetoed the sale of said stock at par and ordered that it be sold at a price not less than $115 per share. The cause reached this Court on appeal, and we remanded for the Utilities Commission to find the facts upon which it based its order, particularly in respect to the facts required by G.S. 62-82, the existence of which authorizes the Commission to act. The material facts are fully stated in the opinion on the former appeal. *Utilities Commission v. Telephone Co.,* 239 N.C. 675, 80 S.E. 2d 643.

After the cause was remanded, the petitioner amended its petition so as to request authority to issue 66,640 shares of its common capital stock at par. The Commission made a full finding of facts in substantial, though not exact, accord with the statute. Upon the facts found, it authorized the petitioner to "sell 66,640 shares of its authorized but unissued common capital stock in accordance with its petition in this case, with the exception that same should be offered and sold at not less than $125 per share instead of $100 par." The petitioner appealed to the Superior Court. On the hearing of the appeal, the court below remanded the cause "with direction that it eliminate from its Order that part of its Order which requires the stock offered pro rata to stockholders or their assigns under pre-emptive rights be offered at a price of not less than $125.00 per share."

The Utilities Commission excepted and appealed to this Court.

*Attorney-General Rodman and Assistant Attorney-General Paylor for North Carolina Utilities Commission, appellant.*

*Chauncey H. Leggett, Ward & Tucker, and Joyner & Howison for appellee.*

BARNHILL, C. J.   The common capital stock of a corporation is a security within the meaning of that term as used in G.S. 62-82, 83. *People v. Whelpton,* 222 P. 2d 935; *In Re McGraw's Estate,* 10 A. 2d 377, and cases cited; *Equitable Trust Co. v. Marshall,* 17 A. 2d 13; *Mary Pickford Co. v. Bayly Bros.,* 68 P. 2d 239.   See also G.S. 78-2, G.S. 14-401.7, G.S. 105-67.   This fact was conceded by the petitioner on the oral argument in this Court.

The right of the Commission to act upon the petition of the petitioner and the scope of its authority in so doing rest on the language used in G.S. 62-82, 83.   The pertinent parts of these statutes are as follows:

"No utility shall issue any securities . . . unless and until, and then only to the extent that, upon application by the utility, and after investigation by the Commission of the purposes and uses of the proposed issue, and the proceeds thereof . . . the Commission by order authorizes such issue . . ." G.S. 62-82.

"The Commission, by its order, may grant or deny the application provided for in the preceding section as made, or may grant it in part or deny it in part or *may grant it with such modification and upon such terms and conditions as the Commission may deem necessary or appropriate in the premises* . . ." G.S. 62-83.   (Italics supplied.)

In view of the language thus used by the Legislature in conferring power on the Utilities Commission to supervise and control the issue and sale of securities by a public utility, we unhesitatingly hold that the Commission had the authority not only to veto the sale of the proposed stock at par but also to impose the condition that such stock should be sold at a price not less than $125 per share.

The facts found by the Commission are amply sufficient to support its order.   They disclose (1) that at the time the order was entered capital stock of the petitioner was selling on the open market at $144 per share; (2) that a sale of the stock at par would not provide the petitioner with the funds necessary to meet the ever-increasing demands made upon it for public service; and (3) that the sale at $125 per share will barely provide the capital outlay funds now needed by the petitioner.   While the findings were not in these exact words, this is a correct summation of the facts found.

It follows that the court below erred in remanding the cause to the Utilities Commission with direction to strike from its order the requirement that said stock be sold at not less than $125 per share.   The order entered by the Commission should have been affirmed.   Therefore, this cause is remanded to the court below to the end that judgment may be entered in accord with this opinion.

Modified and affirmed.

WINBORNE and JOHNSON, JJ., took no part in the consideration or decision of this case.