## Fletcher, Appellant, *v.* Hoblitzell.

209      337
30 SC ¹587

*Will—Construction—Devise—Remarriage of husband—Remainder—Acceleration.*

Testatrix by her will directed as follows: "Whatever other property I may have at the time of my death, whether real, personal or mixed, I give, devise and bequeath as follows, viz: To my children if any I have at the time of my death. Should I die without issue, then to my sister and my husband, equally for life, or in case of my said husband, until he shall marry again. In case of the death or remarriage of my said husband his share is to go to my said sister and in case of the death of my said sister her share is to go to my said husband. Upon the death of both, the whole to go to my brother and upon his death to his children absolutely and in fee." The

husband subsequently remarried, and thereafter testatrix's sister died. *Held* (1) that upon the husband's remarriage he was completely divested of any interest in the estate; (2) that the sister's death did not revive the husband's former share, nor give him the sister's share, thus placing in him the entire estate for life; (3) that upon the death of the sister the remainder was accelerated, and vested in possession in the remainderman at once.

A remainder may be accelerated where the devisee in a life estate refuses to accept it, or where he has no capacity to take, or where the devise of the preceding estate has been revoked by the testator, or has been forfeited by some act or omission of the devisee.

The intent of a testator is to be gathered from the whole will. Every sentence and word in it must be considered in forming a judicial opinion upon it.

Argued May 10, 1904. Appeal, No. 81, Jan. T., 1904, by plaintiff, from judgment of C. P. Bedford Co., April T., 1900, No. 75, for defendant non obstante veredicto in case of Frank Fletcher, Administrator of Charles C. Reamer, deceased ; Legatee of Georgia Edith Manning, deceased, v. James J. Hoblitzell, The Savage Fire Brick Company and Van H. Manning. Before FELL, BROWN, MESTREZAT, POTTER and THOMPSON, JJ. Reversed.

Assumpsit for royalties. Before BELL, P. J., specially presiding.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in entering judgment for defendant non obstante veredicto.

J. H. Longenecker and Frank E. Colvin, with them Moses A. Points, for appellant.— The rule that a will should be construed in favor of the heir at law does not apply in this case, as the husband is not the wife's heir: Bender v. Dietrick, 7 W. & S. 284; Irvin's App., 106 Pa. 176; Ryan's Est., 14 W. N. C. 79; Lord v. Bourne, 63 Me. 368; Tillman v. Davis, 95 N. Y. 17; Wilkins v. Ordway, 59 N. H. 378; Storer v. Wheatley, 1 Pa. 506.

When the husband's interest expired, by his remarriage, and Etta's by death, the gift over to Charles was accelerated by operation of law, and took effect in possession immediately: Woodburn's Est., 151 Pa. 586; Langfield's Est., 4 Pa. C. C. Rep. 82.

No inapt words, nor misuse of proper words, will be destructive of the plain intent, as ascertained from the whole will: Kelley v. Kelley, 182 Pa. 131; Levy's Est., 153 Pa. 174; Ferry's App., 102 Pa. 207.

*John M. Reynolds,* for appellee.—By the express terms of the will the whole which at testatrix's death vested in her sister and husband is now vested in the husband for life: Hancock's Appeal, 112 Pa. 532; Ellis's Appeal, 22 W. N. C. 135; Weidman's Appeal, 42 Legal Int. 338; Bruckman's Est., 195 Pa. 363; Reck's App., 78 Pa. 432; Yarnall's Appeal, 70 Pa. 335; Doebler's Appeal, 64 Pa. 9; Hitchcock v. Hitchcok, 35 Pa. 393; 1 Jarman on Wills, 744; Rupp v. Eberly, 79 Pa. 141; Geisinger's Appeal, 1 Mona. 600.

Even if the court be of opinion that there is an inconsistency in the meaning of the two clauses as contained in the testatrix's will, still the devise passes to the husband for his life, under the rule that when two clauses in a will are repugnant to each other, the latter must prevail: Constantine v. Constantine, 6 Vesey, 100; Bender's Est., 10 Lanc. Law Rev. 157; Holmes's Est., 46 Legal Int. 6; Newbold v. Boone, 52 Pa. 167; Shreiner's Appeal, 53 Pa. 106; Stickler's Appeal, 29 Pa. 234; Horwitz v. Norris, 60 Pa. 261; McDevitt's App., 113 Pa. 103; 1 Jarman on Wills, 744; Rupp v. Eberly, 79 Pa. 141; Geisinger's App., 1 Mona. 600.

The husband under this will is in the position of an heir at law and he is not to be excluded except by express devise or necessary implication.

If there is any doubt in the mind of the court as to the proper interpretation of the will in the case at bar, the construction to apply is that which most nearly conforms to the intestate laws: Smith's App., 23 Pa. 9; Park's Est., 4 Pa. C. C. Rep. 560; Dubs v. Dubs, 31 Pa. 149; France's Estate, 75 Pa. 220; Minter's Appeal, 40 Pa. 111; Horwitz v. Norris, 60. Pa. 261; Stehman's Appeal, 45 Pa. 398; Passmore's Appeal, 23 Pa. 381; Burd v. Burd, 40 Pa. 182.

OPINION OF MR. JUSTICE MESTREZAT, May 23, 1904:

In 1887, Georgia Edith Reamer, subsequently intermarried with Van H. Manning, and her three sisters and one brother

were the owners in fee of a tract of land situated partly in Bedford county and partly in Somerset county. By a lease dated January 3 of that year, they granted and leased to James J. Hoblitzell the exclusive right and privilege of mining and removing fire clay from the land for a term of fifty years, for which he was to pay them a minimum rental or royalty of $250 per month. Hoblitzell's interest in the lease subsequently became vested by assignment in the Savage Fire Brick Company, which began mining operations in 1887 and has since continued them. Each of the lessors was entitled to receive the one fifth of the rentals. Georgia Edith Manning died on September 17, 1893, leaving to survive her her husband but no children. She left a will dated December 28, 1892, which was duly probated, and the part which is material to this controversy is as follows: " Whatever other property I may have at the time of my death, whether real, personal or mixed, I give, devise and bequeath as follows, viz: To my children if any I have at the time of my death. Should I die without issue, then to my sister, Etta N. Reamer, and my husband, Van H. Manning, equally for life, or, in case of my said husband, until he shall marry again. In case of the death or remarriage of my said husband his share is to go to my said sister and in case of the death of my said sister her share is to go to my said husband. Upon the death of both, the whole to go my brother, Charles C. Reamer, and upon his death to his children absolutely and in fee."

Van H. Manning, the husband, remarried January 5, 1898. Etta N. Reamer, the sister of the testatrix, died January 29, 1899.

Mrs. Manning received the one fifth of the royalties accruing under the lease until her death in September, 1893. From that time until January 1, 1898, her interest in the royalties was paid by the Fire Brick Company in equal shares to her husband and her sister Etta. After the remarriage of Manning, on January 5, 1898, Mrs. Manning's share of the royalties was paid by the Fire Brick Company to her sister Etta during her life. At her decease, Van H. Manning and Charles C. Reamer each claimed these royalties under Mrs. Manning's will and each instituted an action against Hoblitzell and the Savage Fire Brick Company to recover that portion of the

royalties accruing since Etta N. Reamer's death. The defendant company admitted its liability for the royalties which amounted to the sum of $1,975.50. The two actions were tried together and the facts being undisputed, the court directed a verdict in each case for the plaintiff for the sum admitted to be in the hands of the defendants, reserving the following question: "Under the will of Mrs. Georgia Edith Manning and the undisputed facts in the case, did the remarriage of Van H. Manning cut him out of all rights under the will, and out of the estate of his wife, as is contended by representatives of Charles C. Reamer, or is he still entitled to collect the whole of the income of this land?" Subsequently, the court entered judgment on the reserved question in the action brought by Manning in favor of the plaintiff and in the action brought by Reamer in favor of the defendants, non obstante veredicto. Reamer's administrator has taken this appeal from the judgment entered against him in favor of the defendants and Manning, who was permitted to intervene, is the appellee. During the pendency of this action, Charles C. Reamer died and his administrator, Frank Fletcher, was substituted as plaintiff.

We think the learned trial judge erred in his interpretation of Mrs. Manning's will. The first objects of her bounty were any children she might leave to survive her, but this provision of the will was inoperative, as she died childless. Her entire estate would have gone to her children. Her next thought was to give a life estate to her husband and her sister, which she did in the following language: "then to my sister, Etta N. Reamer, and my husband, Van H. Manning, equally for life, or, in case of my said husband, until he shall marry again." The estate given the sister is a clear, unqualified life interest or share in the testatrix's estate, but that devised to the husband is subject to be defeated by his remarriage at any time during his life. The manifest intention of the testatrix, as disclosed by this language, is that her sister and her husband are to take her property in equal shares, she absolutely for life, and he for his life, but on the express condition that on his remarriage his interest in the estate should absolutely cease and his share should pass beyond his ownership and control. This purpose of the testatrix is emphasized by the next

succeeding sentence of the will in which it is provided that "in case of the death or remarriage of my said husband his share is to go to my said sister." As affecting his interest in her estate, the testatrix treats death and remarriage as synonymous terms. On the happening of either event, regardless of the time of its occurrence, Manning's share in his wife's estate was at once and for all time determined.

Nor do the subsequent clauses of the will change this disposition of the estate. They are predicated upon the assumption that Manning would not remarry. The testatrix had given him an interest in her estate "until he shall marry again." She intended that this limitation should follow and attach to the subsequent provisions of the will, and that her husband's right to her sister's share of the estate and the postponement of the vesting in possession of the estate in remainder until his death should depend upon his remaining unmarried. The testatrix, having in her devise to her husband plainly and unequivocally made his interest in her estate depend upon his remaining unmarried and having directed that it should go over on his remarriage, did not deem it necessary to repeat this condition on which he held his interest in her estate in the subsequent clauses of the will. Her intention to deprive him of the share she gave him in her estate the moment he remarried was clearly expressed in immediate connection with the gift itself, and no other provision of the will shows anything in conflict with it. His enjoyment of his wife's devise to him depended upon his performance of the condition that he would not assume marital relations with another.

It is conceded under the provisions of the will that when Mr. Manning remarried on January 5, 1898, his interest in the estate ceased and went to his wife's sister, Etta N. Reamer, for life. But it is contended that upon the death of Miss Reamer, the whole of Mrs. Manning's estate vested in Manning for life, and did not vest in possession in the remainderman until Manning's death. It is claimed that Etta N. Reamer's death not only revived Manning's former share, but gave Etta's share also to him, thereby placing in him the entire estate during his life. This proposition we regard as wholly untenable. The intent of the testatrix is to be gathered from the whole will and not from a few of the many clauses in it. Every sentence and

word in a will must be considered in forming a judicial opinion upon it: Turbett v. Turbett, 3 Yeates, 187. As observed above, it is conceded by all parties that the share given Manning in the first instance, which was the undivided one half of the estate, was conditioned upon his remaining unmarried, and that it ceased when he remarried in 1898. Such is the clearly expressed intention of the testatrix. Excepting an interest devised to her husband during his widowerhood, the testatrix desired that her estate should remain with her family; that it should go to her sister Etta for life and then to her brother and his children. If, however, the contention of the appellee be adopted as the proper interpretation of the will, we must give the whole of the testatrix's estate, after Etta's death, to Manning for life when, as conceded by all parties, the gift of the one half of the estate was to be terminated on his remarriage. In other words, that it was the intention of the testatrix to exclude her husband from the use of the one half of her estate as a penalty for his remarriage before Etta's death, but that after her death it was the intention of his wife to give him the whole of the estate for his life. This, in view of the fact that the devise over was to testatrix's brother and his children who were the natural beneficiaries of her bounty is clearly illogical and violative of the manifest purpose to make his interest in his wife's estate depend at all times upon his remaining unmarried.

But the language of the clause in question also condemns this construction of it. It says : " and in the case of the death of my said sister her share is to go to my said husband." This language recognizes the prior division of the estate into two "shares" which are devised to testatrix's sister and husband respectively. The clause gives the sister's "share," and not the whole estate, upon her death to the husband. If, therefore, any part of the estate revested in the husband under this clause of the will, it is only the one half, and not the whole, of the estate. Neither party to the controversy contends for this construction of the clause.

It is further contended that the provision in the will that the estate should go over " upon the death of both " the sister and the husband, shows that it was the intention of the testatrix that on the death of the sister the estate should vest in him and

not go over until his death. But this, like the clause immediately preceding it, must be read in connection with the other portions of the will. Had Manning remained unmarried, he would have taken Etta's share upon her death and, having the other share in his own right, he would have held both shares or the whole estate until his death. " Upon the death of both " was used by the testatrix in anticipation of her husband not marrying again, the penalty for which was the deprivation of the enjoyment by him of any part of her estate.

The learned trial judge in his opinion asks what becomes of the life estate in the interval of the time between the death of the sister Etta, and the subsequent death of the husband. Manning's life estate was determined by his remarriage, his own act, and the remainder was accelerated and vested in possession in the remainderman on the death of Etta N. Reamer. This results from the well settled rule governing the acceleration of remainders which applies here. Examples of the application of this rule are given in 24 Am. & Eng. Ency. of Law (2d ed.), 418, as follows : " The common instances in which a remainder is thus accelerated is where the devisee of the life estate refuses to accept it, or where he has not capacity to take, or where the devise of the preceding estate has been revoked by the testator or has been forfeited by some act or omission of the devisee."

We are of opinion that the interest of Van H. Manning, which he took under his wife's will, was determined on his remarriage and that no interest in her estate subsequently vested in him on the death of Etta N. Reamer, but that on the happening of that event the whole estate went to the remainderman. It follows that it was error for the learned trial judge to enter judgment for the defendant on the question reserved.

The judgement is reversed, and it is now ordered and directed that the court below enter judgment on the verdict in favor of the plaintiff, Frank Fletcher, administrator of Charles C. Reamer, deceased. The costs of this appeal and in the court below to be paid in equal proportions by the appellant and the appellee, Van H. Manning.