## Advertising by Optometrists

MARGIOTTI, Attorney General, January 28, 1938.— You have requested an opinion whether the advertising of services, glasses, or other appurtenances at "low cost" or "low prices" by an optometrist violates the Optometry Law.

The Act of March 30, 1917, P. L. 21, sec. 9, as finally amended by the Act of May 25, 1937, P. L. 795, being the Optometry Law, provides as follows:

"The State Board of Optometrical Examiners shall refuse to grant a certificate of licensure to any applicant, and may cancel, revoke, or suspend the operation of any certificate by it granted, for any or all of the following reasons, to wit: . . . the advertising of prices for professional services or glasses or other appurtenances used in the practice of the profession of optometry."

You advise us that some question has arisen whether the prohibition of advertising of prices for professional services, glasses, or other appurtenances is violated by the use of the expressions "low cost" or "low prices", in advertisements.

In view of the fact that this prohibition is in derogation of common-law rights, and is therefore penal in nature, it must be strictly construed: 59 C. J. 1110, 1124.

The act specifically prohibits the advertising of prices. It contemplates this particular type of advertising and no other.

The word "price" is defined to mean the amount at which a commodity is valued or sold in the market; the sum for which anything may be bought: 49 C. J. 1344.

The word "price" has further been defined in Williamson's Estate, 302 Pa. 462, 467, where the court, citing Webster's New International Dictionary, defines "price" as "the amount of money given, or set as the amount that will be given or received, in exchange for anything".

Applying the definition to the act in question, it is obvious that the act prohibits the advertising of the price at which services, glasses, or other appurtenances may be purchased. It prohibits specifically any mention of the price in advertisements. It refers only to such advertising as mentions the sum of money for which services, glasses, or other appurtenances may be bought.

Obviously, the expressions "low cost" or "low prices" do not denote any specific price. The individual who reads an advertisement containing such expressions is not led to believe that he can purchase glasses for any particular price.

That part of the optometrical law under consideration was adopted in order to prevent unscrupulous optometrists from advertising glasses, services, and other appurtenances at such a price as to induce the public to patronize their establishments. Such price was specifically mentioned in the advertising. However, when the cus-

tomer sought to purchase merchandise at the price advertised, he usually found that it was not available at the price advertised and he was sold merchandise and services at a price higher than advertised. It was not intended to prohibit all types of advertising which in any way reflected the cost of the service to be rendered so long as such services, glasses, or other appurtenances were not offered for a specific named price.

The public must be protected against misleading or dishonest advertising. The advertising herein described cannot be so classified. The terms used are descriptive but not specific.

Accordingly, we are of the opinion, and you are advised, that the prohibition contained in the amendatory Act of 1937, supra, which prohibits the advertising of prices, applies only to the advertising of specific prices and does not include within such prohibition the advertising of services, glasses, or other appurtenances at "low cost" or "low prices". Such advertising is not misleading or deceptive and does not violate the Optometry Law. If the use of these terms in advertising is undesirable, that situation should be corrected by proper legislation.