## Gillingham Estate

494

Argued January 8, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*William C. Ferguson, Jr.,* with him *George V. Strong* and *Strong, Sullivan, Saylor & Ferguson,* for appellant.

*J. B. Colahan,* with him *Townsend, Elliott & Munson* and *Franklin L. Wright,* for appellee.

OPINION BY MR. JUSTICE ALLEN M. STEARNE, March 25, 1946:

The question raised by this appeal is whether under the terms of the will waiving the requirement of investment in legal securities, the trustees may invest in common stocks.

Testator disposed of his large estate by a professionally drawn will which in this record consumes fifty-four printed pages. It contains forty-seven items, some of which are subdivided. Testator erected numerous trusts, of which this is one. The item of the will which gives rise to the present appeal is the forty-first, which reads as follows: "I authorize and empower my Executors and Trustees by this my Will appointed, in their several and respective capacities, to invest, re-invest and keep invested the capital or principal of my estate and the several and respective Trusts by this my Will created or any funds which may be in their care in either of their

aforesaid capacities, in such securities as my said Executors and Trustees and the survivor of them, in their several and respective capacities aforesaid, may deem prudent, *without restriction to so-called legal investments, my object being to secure, if possible, a rate of interest higher than can be obtained by investment in securities designated by law for the investment of Trust monies, holding my said Executors and Trustees responsible only for the same care and prudence exercised by The Provident Life and Trust Company of Philadelphia* [the corporate executor and trustee appointed by testator] *in the investment of their own corporate funds, without liability on the part of said Executors and Trustees, or either of them, in the event of depreciation or loss*" (italics ours).

The trustees were awarded, and accepted in distribution, certain common stocks which they retained in the trust and also purchased other shares of common stocks as trust investments. The guardian ad litem objects to the further retention of the common stocks *purchased* by the trustees. No question is raised concerning the soundness of the securities and no surcharge is asked. It is insisted that under the terms of the will the trustees are not authorized to invest the trust funds in common stocks. The court below ruled that the will authorized investment in common stocks and declined to direct the trustees to dispose of the stocks purchased by the trustees and to replace them with cash. This appeal followed.

From the early history of the Commonwealth this Court has consistently held that in the absence of authority granted by the instrument creating the trust, or by the legislature, fiduciaries are not permitted to invest the trust funds in stocks or bonds of private corporations: *Hemphill's Appeal,* 18 Pa. 303; *Pray's Appeals,* 34 Pa. 100; *Crane's Estate,* 344 Pa. 141, 23 A. 2d 851; *Wood's Estate,* 130 Pa. Superior Ct. 397, 197 A. 638.

The Fiduciaries Act of 1917, Section 41 (a) 1, 2 and 3, 20 PS sections 801, 804, 805, defines "legal invest-

ments". They were limited by that act to loans of the United States, the State of Pennsylvania, municipal corporations of the State, mortgages and ground rents. Such statutory provision did not violate the prohibition of the Constitution of Pennsylvania, Art. III, section 22, against bonds and stocks of private corporations.

The commissioners noted that this section of the Fiduciaries Act is a combination of section 14 of the Act of March 29, 1832, P. L. 190, the Act of April 13, 1854, P. L. 368 and section 1 of the Act of May 8, 1876, P. L. 133. They made two significant observations: ". . . the powers of investment granted to fiduciaries under the present law are too greatly restricted and . . . their enlargement would be welcomed throughout the State." Also that the commissioners would be willing to recommend a more extensive act were it not for the Constitution, which in Art. III, section 22, would seem to prohibit the legislature from authorizing an investment in the bonds or stocks of a private corporation. See Report of the Commission appointed to Codify and Revise the Law of the Decedents' Estates, pages 204, 205.

On November 7, 1933, Article III, section 22 of the Constitution was amended so as to read: "The General Assembly may, from time to time, by law, prescribe the nature and kind of investments for trust funds to be made by executors, administrators, trustees, guardians and other fiduciaries." Legal investments have since been further defined by the Acts of July 2, 1935, P. L. 545 and of May 28, 1937, P. L. 1037, 20 PS 801. Also Act of June 11, 1941, P. L. 101, section 11, 36 PS 654 j.

It should also be noted that when investing in legal securities the fiduciary, nevertheless, is required to exercise common prudence, skill and caution: Restatement, Trusts, Sec. 227, comment (m) ; Scott on Trusts, vol. 2, Sec. 227.12. See *Taylor's Estate,* 277 Pa. 518, 529, 121 A. 310; *Casani's Estate,* 342 Pa. 468, 470, 21 A. 2d 59.

In 1936 the question was raised for the first time in this Commonwealth, whether the waiver of the requirement to invest in legal securities permitted investment in common stocks. In that year two petitions were filed in the Philadelphia Orphans' Court for declaratory judgments, *Carwithen's Estate,* 28 D. & C. 66 and *Donovan's Estate,* 28 D. & C. 93. The orphans' court entertained the petitions, but was divided on the merits. The majority decided that the waiver permitted investment in common stocks. The minority regarded the purchase of common stock as an acquisition of *ownership* and not a *loan,* and therefore not an investment or security. On appeal to this Court the petitions were dismissed because they were not within the provisions of the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, as amended and supplemented. See opinions reported in 327 Pa. 490 and 496.

In 1938 the question was first squarely presented to the Superior Court in *Wood's Estate,* 130 Pa. Superior Ct. 397, 197 A. 638. It was decided, in an opinion by Judge PARKER, that upon testator's or settlor's waiver of the requirement to invest in legals, the trustee was authorized to invest in common stocks of private corporations. An allocatur to this Court was refused. In *McGraw's Estate,* 337 Pa. 93, 10 A. 2d 377, the question was presented to this Court. In an opinion by Justice SCHAFFER (later Chief Justice) the principle of *Wood's Estate,* supra, was re-affirmed. *McGraw's Estate,* supra, has been cited with approval in *Greenawalt's Estate,* 343 Pa. 413, 417, 21 A. 2d 890; *Jones' Estate,* 344 Pa. 100, 103, 23 A. 2d 434; *Hale Estate,* 347 Pa. 177, 179, 32 A. 2d 20.

Appellant apparently concedes the correctness of the above principles. It is his contention that testator did not intend the waiver to include common stocks, but limited investment to "bonds having a rate of interest".

In support of his contention appellant relies upon the early case of *Hemphill's Appeal,* supra. In that case

Stephen Girard directed the funds be invested in "good securities". There was no waiver of investment in legals. The trustee purchased bank stock. This Court held the fiduciary was limited to legals. In *Pray's Appeals,* supra, authority was given the fiduciary to invest in securities of his own choosing. This Court held that the trustee's investment in stock of an irregularly formed and insolvent manufacturing company owned by the trustee was not an investment with common prudence, skill and caution. Appellant also relies upon *Cope Estate,* 351 Pa. 514, 41 A. 2d 617. In that case there was a waiver of the restriction as to investment in legals. The testator specified, however, what the investments should be. They were "investments in any interest paying securities". We held that common stocks were not *"interest paying"* investments which were authorized by the will.

Appellant contends that because testator explained his object in exempting his trustees from investments in legals was to obtain "a higher rate of interest" than was possible in legals, that this statement indicated that testator, as in *Cope Estate,* supra, intended to restrict investment to interest paying securities. Appellant has analyzed the wording of this lengthy will. He attempts to distinguish testator's use of the words "income" and "interest". It is also to be noted that the word "dividends" is frequently used. When the will defined the measure of care required of the trustees, it stated that it was such as was required of the corporate trustee over its own corporate funds, which it is agreed then included common stocks. The intent of the testator is to be gathered from the *whole* will and not from a few of the clauses in it: *Fletcher v. Hoblitzell,* 209 Pa. 337, 58 A. 672; *Williamson's Estate,* 302 Pa. 462, 153 A. 765; *Elkins' Estate,* 339 Pa. 193, 12 A. 2d 83; *Calder's Estate,* 343 Pa. 30, 21 A. 2d 907; *Bowen's Estate,* 139 Pa. Superior Ct. 523, 12 A. 2d 507.

Testator states his reason for the exemption. He frankly says it was to obtain, if possible, "a higher rate

of interest." True he might have used the words "income" or "return". However, considering the will as a whole it is clear that testator intended to grant authority to his trustees to invest in securities, including common stocks, and did not intend to limit the trustees to investments only in bonds having a rate of interest.

The appeal is dismissed and the decree affirmed. Costs, including reasonable fees to counsel, to be fixed by the court below, to be paid out of the corpus of the estate.