## Tower Estate

Before Klein, P. J., Bolger, Lefever, Saylor and Shoyer, JJ.

*Milton A. Kamsler*, guardian and trustee ad litem, the exceptant.

*Maurice Bower Saul, Edward M. David* and *William H. S. Wells* of *Saul, Ewing, Remick & Saul*, contra.

SAYLOR, J., April 2, 1954.—The guardian and trustee ad litem has excepted to the refusal of the auditing judge to surcharge the trustees for loss on the sale of a debenture of the Southern Pacific Company and of shares of the common stock of Atlantic Refining Company purchased and sold by them in November 1951, and further to his refusal to order the trustees to sell similar bonds and shares purchased by them at the same time and still retained.

The trust was established in 1889 under the terms of decedent's will, item 5 of which provides that:

"All the rest, residue and remainder of all my Property and Estate whatsoever and wheresoever, Real, Personal or Mixed, I give devise and bequeath unto my son, Charlemagne Tower, junior, my son-in-law, Richard Henry Lee and Julius A. Bailey (who for many

years has been my trusted assistant and friend), whom I hereby constitute and appoint the Executors of this my Last Will and Testament, and to their heirs, assigns and successors in the Trusts hereinafter set forth, IN TRUST, nevertheless, to take possession of, hold, manage and appropriate the same and to collect, receive, obtain and recover all the rents, issues, profits, dividends and gains thereof and all the proceeds and avails thereof, and to invest and keep invested the same and every part of the capital thereof so as to make the same as productive as reasonably can be, and to keep proper accounts as hereinafter more particularly directed in respect to the said trust property and the proceeds, avails, and income therefrom, hereby directing them to preserve such investments and securities as I shall leave standing in my name so long as they my said Trustees or their successors in the Trust shall deem prudent, and making such new investments as they in their best judgment and discretion shall deem advisable and advantageous to my Estate without confining themselves to such investments as the law directs for the investment of trust funds, hereby allowing them full power to select any investments or securities they may approve except the Capital Stocks of Corporations and obligations not accompanied with reasonable securities, with full power also to the said Trustees to change any such investments whether left by me or made by them, and to convert and reinvest the proceeds whenever and as often as they in their judgment and discretion may think most to the advantage of my Estate."

It is to be noted that by this language testator evidenced his intention that the trustees were to

(a) Recover from trust assets, inter alia, *dividends*, a term which by common consent means income from shares of corporate stock.

(b) Invest trust funds "so as to make the same as productive as reasonably can be."

(c) Preserve and retain "such investments and securities" as were contained in the trust as trustees shall deem prudent.

(d) Make such new investments as trustees deem advisable and advantageous to the estate without confining themselves to legal investments, and

(e) Select any investments or securities they may approve "except Capital Stocks of Corporations and obligations not accompanied with reasonable securities".

The guardian and trustee ad litem argues that the prohibition imposed by testator on capital stock and obligations unaccompanied "with reasonable securities" is binding upon the trustees regardless of whether they are legal investments or not. The trustees contend that such prohibition is limited to nonlegal investments. The auditing judge accepted the latter contention and refused a surcharge but directed the guardian to file exceptions to his adjudication.

Both the debentures and the common stock involved are legal investments under the provisions of the Fiduciaries Investment Act of May 26, 1949, P. L. 1828, 20 PS §821, as amended by the Act of August 24, 1951, P. L. 1410. Section 18 of the Act of 1949 reads as follows:

"The testator or settlor in the instrument establishing a trust may prescribe the powers, duties and liabilities of the fiduciary regarding the investment or non-investment of principal and income and the acquisition, by purchase or otherwise, retention, and disposition, by sale or otherwise, of any property which, at any time or by reason of any circomstance, shall come into his control; and whenever any such provision shall conflict with this act, such provision shall control notwithstanding this act. In the absence, how-

ever, of an express restriction to the contrary in the trust instrument, the fiduciary may invest in any investment authorized by this act."

Is there in testator's will any language which amounts to a provision in conflict with the act and constituting an "express restriction" on the legislative authority given trustees to invest in certain types of debentures and corporate stock?

Item 5 of the will discloses that testator wanted his trustee to collect and distribute dividends and to make his trust estate "as productive as reasonably can be". This indicates that he did not object to corporate stocks (his estate was in fact comprised of them at his death) and that he recognized that great income productivity might more likely result from such investments than from bonds or mortgages, both of which provide for a fixed return. See Gillingham Estate, 353 Pa. 493 (1946). Moreover, the use of the phrase "investments and securities" surely contemplates corporate stocks. The word "securities" has been defined as including common stocks: Gillingham Estate, 353 Pa. 493 (1946); McGraw's Estate, 337 Pa. 93 (1940); Wood's Estate, 130 Pa. Superior Ct. 397 (1938) (investment authorized "in any securities or investments" without restriction to legal investments).

Furthermore, there is no word of prohibition on unsecured obligations and common stocks in the clause excusing the trustees from confining themselves to "such investments as the law directs for the investment of trust funds". It is only when that clause is passed and the reader goes on to the language creating an extension of the power to include the right to invest in so-called "non-legals" that he comes upon the language which constitutes a prohibition on certain investments in that category.

From the above it is our conclusion that testator's intention was not to prohibit in any way the purchase

by the trustees of "investments and securities" authorized by law as legal for trust funds. There is in the will no language amounting to "an express restriction to the contrary" as required by the Act of 1949, supra.

A decision interpreting section 18 of the Act of 1949 is no novelty. Many judges of this court have quite recently been called upon to consider the effect of that section on language of a restrictive nature used in wills. In several cases the language of testator is no more specific or unambiguous than that with which we are here concerned.

In Rouse Estate, 1 Fid. Rep. 514, 519 (1951), the will authorized and empowered the trustees to invest in various kinds of securities, including stocks and bonds of a certain type, but contained no reference to the purchase of so-called legal investments. President Judge Klein ruled that there was no language forbidding the making of such investments and added: "What we have is additional authority to invest in certain designated types of investments."

In Smith Trust, 2 Fid. Rep. 393, 394, testator, by will and codicil, in substance authorized the trustees to invest at their discretion without being confined to what are known as "Legal Investments", and added that "the Trustees shall confine their investments and reinvestments to bonds or equivalent classes of securities".

The question before the court was: Is this a prohibition on making new investments in corporate shares? Judge Klein interpreted testator's language to mean that no restriction on legal investments was imposed by testator but only that when they entered the field of "non-legals" were they obliged to refrain from making any new investments in corporate stock.

In Close Estate, 83 D. & C. 136, Judge Hunter, citing Rouse Estate, supra, ruled that testator's direction that his trustees "shall invest and reinvest the

funds which may at any time come into their hands in well secured first Mortgages . . . or in well secured Ground Rents . . . or in Two story brick houses . . . or in Bonds of the United States, State of Pennsylvania or the City of Philadelphia", did not preclude the trustees from investing in three common stocks made legal for trust funds by the Act of 1949. The auditing judge found that the will contained no express restriction on legal investments other than those named in the will, and that testator's language merely expressed his preference for the investments he enumerated.

In Frazier Trust, 3 Fid. Rep. 399 (1953), testatrix gave one half of her residuary estate to her trustees ". . . to invest and re-invest the same in bonds of the United States of America or of the Commonwealth of Pennsylvania or in bonds of any city, county or township therein. . . ."

Two securities authorized by the Act of 1949 but not named by testatrix had been purchased by the trustees. The auditing judge rejected the contention of the amicus curiæ that since the will specifically set forth the kind of investments which may be made this limitation should be construed as an express restriction within the purview of the Act of 1949. Exceptions to his ruling were dismissed by the court en banc.

In Wayne Trust, 4 Fid. Rep. 100, 102 (1954), testatrix empowered her trustee "to change any and all investments from time to time, and to reinvest at her discretion". Judge Lefever found this to be permissive authority to invest in both legal and nonlegal fields and, being permissive rather than mandatory, it did not supersede the statutory authority to invest in "legals". Hence, the auditing judge ruled that the clause immediately following, which confined "such investments . . . to good real estate securities" narrowed only the permission granted by the first part

of the clause and did not impair the trustee's authority to invest in "legals".

In Woolston Trust, 4 Fid. Rep. 141, 143 (1953), testator, by his second codicil, confirmed his direction that his trustees could invest and reinvest at discretion, not being confined to what are known as "legal investments", provided "that they make no new investments in shares of corporations." After reviewing the decisions of this court in Rouse Estate, Smith Trust, and Drexel Trust, Judge Shoyer ruled that the codicil did not impose a condition on the power of the trustees to invest in any type of investments but only imposed a condition on the power to invest in nonlegals.

There is no need to review further the decisions of this court or to refer to those of courts in other Pennsylvania counties on the question of law here under consideration. It is clear that under the Act of 1949 there must be "an express restriction" imposed by a testator upon the investment by a trustee in any particular type of security listed in the act if the trustee is to be denied the power given by the legislature to make such investment.

It is not in dispute that the debentures and common stocks under question in this case are legal investments under the 1949 Act, nor that the act is effective on trusts created prior to the enactment: Drexel Trust, 1 Fid. Rep. 530, 537 (1949), and Close Estate, supra. It is found that testator did not by his will "expressly restrict" the purchase by his trustees, of any investments that were in 1889 or thereafter designated as legal investments for trust estates under Pennsylvania law.

In view of the interpretation of the language of the will made by the auditing judge and adopted in this opinion, it is not necessary to consider the meaning of the word "securities" in the phrase of testator's will reading "obligations not accompanied with reasonable

securities". It is a matter of conjecture whether the plural of that word was used inadvertently when testator intended to refer to an "obligation without security", normally known as a debenture, or to an obligation of a debtor without the means or other wherewithal to pay it when due.

For the reasons above stated it is decided that testator's will did not prohibit the purchase with trust assets of investments authorized by law as legal for trust funds, and that the items of investment here involved were so authorized at the time of their purchase. Accordingly, the exceptions of the guardian and trustee ad litem, properly filed and ably supported by him in argument, are dismissed, and the adjudication is confirmed absolutely.