## Saunders Estate

Before Klein, P. J., Bolger, Lefever, Saylor and Shoyer, JJ.

SHOYER, J., October 16, 1957.—This trust arises under the will, a copy of which is attached hereto, of Emily M. Saunders, who died March 22, 1951, whereby she left her residuary estate in trust to pay the income to her daughter, Dorothy Eleanor Saunders, now Hopkins, for life, with power to use principal, and upon the death of the life tenant she directed that the income be paid to the child or children of the daughter, until each child, respectively, reaches the age of 21 years, and then to pay over to such child its proportionate share of the estate. In the event of the death of her daughter without issue her surviving testatrix gave the corpus in equal shares unto the following: Order of Eastern Star, Philadelphia Home for In-

curables and Pennsylvania Society for Prevention of Cruelty to Animals.

The life tenant is living, and this account is filed to raise questions about investments, hereinafter set forth. . . .

The statement of proposed distribution notes the following questions:

"1. Whether under paragraph Tenth of the Will, Trustee is restricted to investments in Government bonds or bonds guaranteed by the Government, or whether under the terms and provisions of the Fiduciaries Investment Act of 1949, as amended, Trustee may invest in any of the investments authorized by that Act.". . .

Section 18 of the Fiduciaries Investment Act of May 26, 1949, P. L. 1828, 20 PS §821.18, provides in part:

"The testator . . . in the instrument establishing a trust may prescribe the powers, duties and liabilities of the fiduciary regarding the investment or noninvestment of principal and income . . .; and whenever any such provision shall conflict with this act, such provision shall control notwithstanding this act. In the absence, however, of an express restriction to the contrary in the trust instrument, the fiduciary may invest in any investment authorized by this act."

Paragraph tenth of the will in question provides in part: ". . . and I direct that my Executor and Trustee shall have power to invest and reinvest in Government Bonds only or Bonds guaranteed by the Government."

There are numerous cases in which the orphans' courts have found that there were no express restrictions and that, therefore, the trustee could invest in securities provided by the Fiduciaries Act even though the will did contain a statement as to the securities which should be used for investments. In Close Es-

tate, 83 D. & C. 136, where the will provided that trustee " 'shall invest and reinvest the funds . . . in' " certain securities, Judge Lefever held: "The instant will contains no express restriction, and is to be construed as expressing testator's preference for the investments he enumerates, and not as forbidding other legal investments."

In Brown Estate, 85 D. & C. 452, construing the same type of clause Judge Van Roden said: "The court holds that the trustee was duly authorized by the legislature and not prohibited by testator in investing funds of this trust estate in common stocks meeting the requirements of the statute."

In Middleton Estate (No. 2), 8 D. & C. 2d 133, which contains a review of the cases, Judge Satterthwaite had before him the same type of clause and held that the power of trustees to invest comes from the law and the trust instrument. The latter may enlarge upon the former. Therefore an authorization couched in permissive language to invest in certain classes of investments will not exclude the parallel power to invest in legals as well.

To the same effect is Neafie Estate, 5 Fiduc. Rep. 291, where Judge Hunter held: "A direction to invest in certain enumerated investments is not equivalent to an express restriction from investing in legal investments authorized by the Investment Act." See also Smith Trust, 2 Fiduc. Rep. 393; Dunn Estate, 5 Fiduc. Rep. 169, and Frazier Trust, 3 Fiduc. Rep. 399, where the clause of authorization contained patent ambiguities.

It is contended that the will now before the court contains an express restriction as to investments. Testatrix not only directed investment in Government bonds, but in Government bonds *only* or bonds guaranteed by the Government. The word "only" is as express a limitation as this court should require, and it

makes the intent of testatrix crystal clear, i.e., to limit the trustee to investing in Goverment bonds or bonds guaranteed by the Government. While it may be that the restriction chosen by testatrix is unwise and is one which others would not have imposed, it does not follow that it should be stricken down just to attain a result which may at present seem more desirable.

Where the fiduciary relationship is created by a written instrument, the intent of testator or settlor as expressed in writing must still be the primary source of the fiduciary's powers, duties and limitations. The investment powers afforded by the legislature must ever remain secondary, as the legislature has always stated them to be.

It is true that this court and other lower courts of this Commonwealth, with an eye to the "express restriction" mandate of section 18 of the Act of 1949, have held that a testator's "direction to invest in certain enumerated investments is not equivalent to an express restriction from investing in legal investments authorized by the Investment Act": Neafie Estate, 5 Fiduc. Rep. 291, 296. However, all or most of such cases were instances where the legislative granted authority was narrower than the powers granted by the instrument under construction. As Judge Hunter in the Neafie case goes on to state the rule: "When a testator authorizes, or empowers, or directs his trustee to invest in certain enumerated investments, he does not thereby deprive the trustee of the statutory power of investment conferred by the statute, but rather *adds to such authorized investments* those specifically enumerated in the trust instrument." (Italics supplied.)

By contrast, the present will when drawn, and especially at the time of taking effect, was more restrictive than the powers of investment granted by law. On

April 30, 1935 (the will's date), the private corporation restrictions of the Pennsylvania Constitution, article III, sec. 22, had been removed, to be followed up by the statute passed in July of the same year authorizing investment in bonds of certain private corporations. But even under the Fiduciaries Act of June 7, 1917, P. L. 447, the fiduciary had a field of investment which compassed loans of "the State of Pennsylvania, municipal corporations of the State, mortgages and ground rents": Gillingham Estate, 353 Pa. 493, 496. Thus the language of this will was much narrower than the field of investments authorized by law, both when written and also when testatrix died.

In addition, the present case is the *only* one brought to the attention of the auditing judge involving the word "only". It is true that a strict application of the rules of grammar requires the conclusion that "only", because of proximity, modifies "Government Bonds" so as to distinguish Government Bonds from bonds of municipal authorities, private corporations, etc., and not the verbs "invest and reinvest." But the true intent of a testator is revealed not to strict grammarians alone, but to anyone examining the four corners of the will as well as the circumstances under which it was written. In 1935, the whole nation was still in the throes of a deep economic depression and for testatrix to have expressed her faith in Government bonds as the *only* safe investment for trust funds is not surprising. Had the subsequent improvement in the economic health of the nation restored her faith in other types of investment, she might have broadened the language of her will, as did the legislature broaden the legal investment powers of the trustee prior to her death. It was her privilege not to do so, however, and her intent must be given effect. . . .

The report of the ad litem is accepted and the accountant is surcharged $26.63 . . .

There were four cases on the audit lists of Judge Lefever and me involving substantially the same question, namely, the instant case and the Estate of A. Warren Kelsey, Settlor, no 3256 of 1933, on my list, and the Estate of Thomas J. Jeffries, Deceased, no. 293, April term, 1922, and the Estate of B. Frank Clyde, Deceased, no 332, October term 1906, on Judge Lefever's list. Guardians and trustees ad litem were appointed in each case. In view of the similarity of the problems involved, Judge Lefever and I sat together and heard argument by counsel for the accountants, counsel for other interested parties and the ad litems, and we have collaborated in preparing the adjudications, although the adjudication in each case is that of the individual auditing judge.

And now, October 16, 1957, the account is confirmed nisi. Absolute confirmation is suspended until 15 days after filing of record of an affidavit of proof of service of a copy of this adjudication on Order of Eastern Star, Philadelphia Home for Incurables and Pennsylvania Society for Prevention of Cruelty to Animals.

*White, Williams & Scott*, for the exceptions.

*Joseph N. Bongiovanni, Jr.*, guardian and trustee ad litem, contra.

### Opinion Sur Exception

SAYLOR, J., December 6, 1957.—By will dated April 30, 1935, decedent provided:

"Tenth. My Executor and Trustee shall have power to retain as part of my estate any investments I may have made, whether legal or not, it being my desire that the same shall not be needlessly sacrificed; and I direct that my Executor and Trustee shall have power to invest and reinvest in Government Bonds only or Bonds guaranteed by the Government."

Decedent died in 1951 without changing her will.

On March 27, 1957, the trustee purchased 10 shares of General Motors Corporation five percent cumula-

tive preferred stock, an investment authorized by the Fiduciaries Investment Act of May 26, 1949, P.L. 1828, as amended. Promptly thereafter the stock was sold at a loss.

The auditing judges approved the report of the guardian and trustee ad litem and surcharged the accountant with the amount of the loss, namely $26.63.

The trustee filed exceptions to this action and asserted authority to make such investment under the Fiduciaries Investment Act of 1949, 20 PS §821, as amended. Section 18 thereof reads:

"The testator or settlor in the instrument establishing a trust may prescribe the powers, duties and liabilities of the fiduciary regarding the investment or noninvestment of principal . . . whenever any such provision shall conflict with this act, such provision shall control notwithstanding this act. In the absence, however, of an express restriction to the contrary in the trust instrument, the fiduciary may invest in any investment authorized by this act."

The explanatory comment in the "Report of the Joint State Government Commission of the General Assembly of Pennsylvania" on this section of the act is as follows:

"The last sentence is intended to make it possible for the fiduciary to invest in investments authorized by this act, even though the trust instrument indicates that other investments shall be made."

The auditing judge in his adjudication discussed various cases decided by courts of this Commonwealth wherein somewhat similar issues were presented. He referred to Close Estate, 83 D. & C. 136 (1953), Brown Estate, 85 D. & C. 452 (1953), Middleton Estate (No. 2), 8 D. & C. 2d 133 (1955), Neafie Estate, 5 Fiduc. Rep. 291 (1955), and others where the creator of the trust specified the investments which the trustee was permitted to make. In all of these cases, it was held

776

that testator or settlor had not employed clear unambiguous language restricting the authority of the fiduciary with respect to so-called legal investments.

In the instant case, however, the auditing judge found that by not only directing investments in Government bonds, but in "Government Bonds only or Bonds guaranteed by the Government", testatrix effected an express restriction as to all investments. The auditing judge thereupon concluded that the word "only" is as express a limitation as this court should require because it evidenced an intent that was crystal clear to limit the trustee to Government bonds or those guaranteed by the Government.

We agree that the use of the word "only" does indeed evidence an intent of testatrix to confine her trustee to the investments she designated and which she herself gave it the power to make. We do not agree that the language she employed was of such character as to satisfy the requirements of the Fiduciaries Investment Act with respect to limiting the power of a fiduciary to make those investments authorized by law. There is absent here "an express restriction" on the powers afforded by the act. It is on those powers that an "express restriction" must be imposed.

In an opinion filed this day in the Estate of Thomas J. Jeffries, no. 293, April term, 1922, we discuss the decisions of this and other courts which have uniformly ruled that the requirement of the act must be satisfactorily complied with. Consistently these courts have decided that ambiguous language can not effectively curtail legislative powers and that, in the absence of clear and specific language imposing limitation on investment in so-called "legal" investments, the restrictive language actually used can not limit the fiduciary to the field of investment outlined in the trust instrument.

In the opinion in the Estate of Thomas J. Jeffries referred to we ruled that testator must by clear and unambiguous language impose restrictions on his trustees with respect to "legal" investments if the trustee is to be deprived of the power and protection given to him by the Fiduciaries Investment Act. That opinion and the citation of authorities and the reasoning applied to the decision in that case are hereby incorporated in and made part of this opinion.

The Fiduciaries Investment Act of 1949, as amended, became effective immediately upon final enactment. There has never been any question that its terms apply to estates and trusts in existence before its passage. "The propriety of an investment must be determined as it appeared at the time of the investment": Wood's Estate, 130 Pa. Superior Ct. 397, 403 (1938); Glauser Estate, 350 Pa. 192, 202 (1944).

In 1935, when testatrix wrote her will, corporate stocks, whether preferred or common, were not legal investments for trust funds. When some years later the legislature thought fit so to make them, testatrix could have changed her will to show her intent, if such she had, to curtail the investment powers thus given to fiduciaries. That she did not do so before her death in 1951 may be taken as evidence that she had no such intent.

As in Jeffries Estate, supra, we conclude that testatrix imposed upon her trustee no restrictions on the purchase of investments authorized by the Fiduciaries Investment Act, and we sustain the exceptions filed by the trustee. However, as the issue here involved has not yet been determined by the Suprme Court of Pennsylvania, we instruct the guardian and trustee ad litem to file with that court a timely appeal from this decision.

Lefever and Shoyer, JJ. dissent.