## Schlepfer Estate

*William A. Kelley, Jr.,* for accountant.

*MacCoy, Evans & Lewis,* for legatee.

*Alvin J. Bello,* for Commonwealth.

LEFEVER, J., November 1, 1965.—Louise Schlepfer died May 10, 1963, having first made a will, dated August 1, 1961. She appointed Central-Penn National Bank of Philadelphia executor, and letters testamentary were granted to it on May 22, 1963.

After a specific bequest of all automobiles, household and personal effects and other tangible personal property of like nature owned by her at her death, together with insurance thereon, to Susan M. Myers, with direction that all inheritance or death taxes payable upon such property shall be paid from the residuary estate, testatrix gave a series of pecuniary legacies and bequeathed and devised her residuary estate, one half thereof equally among three charities, (1) the Pennsylvania Society for the Prevention of Cruelty to Animals,

(2) the Church of St. Luke and the Epiphany, Philadelphia, and (3) the Salvation Army for the use of the Pennsylvania Southeastern Division; and the other one half thereof to Susan M. Myers . . .

The will of testatrix does not contain a general tax clause. It does, however, contain a single tax provision, applicable to a specific bequest contained in paragraph A of article I, whereby testatrix bequeathed "all my automobiles, household and personal effects, and other tangible personal property of like nature owned by me at my death, together with insurance thereon, to Susan M. Myers. All inheritance or death taxes payable upon *such property* shall be paid from my residuary estate." (Italics supplied).

Testatrix died subsequent to the effective date of the Pennsylvania Inheritance and Estate Tax Act of June 15, 1961, P. L. 373, sec. 103, 72 PS §2485-103: "This act shall take effect on the first day of January, one thousand nine hundred sixty-two, and shall apply to:

"(1) The estates of all decedents dying on or after that day; . . ."

Section 718 of the aforesaid 1961 Act, as in effect at the time of death of testatrix, May 10, 1963, which, of course, is prior to the effective date of the amendment to section 718, September 24, 1963, reads, in part, as follows:

"Section 718. Source of Payment:

"(a) Outright Devises and Bequests. In the absence of a contrary intent appearing in the will, the inheritance tax imposed by this act on the transfer of property passing by will absolutely and in fee, shall be paid out of property forming a part of the residuary estate. Such payment shall be made by the personal representative and, if not so paid, shall be made by the transferee of the residuary estate."

The commissioners' comment to this subsection reads as follows:

"This subsection changes existing law, under which the tax is payable by the legatee or out of property passing to him unless the will clearly indicates otherwise: Brown's Est. 208 Pa. 161; Penn-Gaskell's Est. 208 Pa. 342; Rettew's Est. 142 Pa. Super. 335. Transfers of property in trust are not included within this subsection because the tax on the remainder might be postponed and be payable at varying rates, which circumstances might complicate the settlement of the estate."

The present accountant takes the position, and has so given notice to all parties in interest, that each of the individuals who are pecuniary legatees (thus, of course, excluding the one charitable legatee whose pecuniary legacy is exempt from tax) must bear the burden of his or her transfer inheritance tax as paid by the personal representative with respect to said pecuniary legacies. This, because testatrix' express direction that all inheritance tax respecting the specific bequest of tangible property under paragraph A of article I should be paid from the residuary estate, is sufficient to overcome the operation of section 718(a) of the 1961 Act so that the tax on the pecuniary legacies bequeathed to individuals is not payable from the residue but must be charged to and deducted from the legacies.

The position taken by the accountant is in accord with Speitel Estate, 30 D. & C. 2d 338, adjudication of Judge Shoyer, and O'Neill Estate, 34 D. & C. 2d 63, adjudication of President Judge Klein.

In Speitel Estate, supra, testatrix gave numerous pecuniary legacies, some of which were expressly free and clear of any and all transfer, inheritance, succession and estate taxes, and the will was otherwise silent concerning such taxes. It was held that since testatrix had expressly exonerated certain of the bequests of the tax burden, she had clearly evidenced an intent that

the remaining legacies not be relieved of that burden. In O'Neill Estate, supra, testatrix likewise gave numerous pecuniary legacies, some to named individuals and two such to a charity, a named church. She also gave her residuary estate to another charity. In a separate paragraph of her will, item seventh, testatrix directed that transfer inheritance tax on the two pecuniary legacies given to the church should be paid from her residuary estate. It was held that since testatrix had expressly exonerated the two pecuniary bequests to the church, which were exempt in any event from tax, she intended by implication that the pecuniary legacies given to the individuals not be relieved of the tax burden.

What was stated by President Judge Klein in O'Neill Estate, supra, at pages 67 and 68, is apposite to the instant case:

"Our Supreme Court has stated on many occasions over the years that in construing testamentary writings testator's intention is the polestar and must prevail: Burleigh Estate, 405 Pa. 373 (1961); Dinkey Estate, 403 Pa. 179 (1961); Wanamaker Estate, 399 Pa. 274 (1960); Hope Estate, 398 Pa. 470 (1960). In every case, the intent of testator is to be gathered from the whole will. Every sentence and every word must be considered in forming a judicial opinion upon the document: Fletcher v. Hoblitzell, 209 Pa. 337 (1904). See also Burleigh Estate, supra.

"Even the most careful scriveners, however, often fail to express in clear and precise language testator's desires and instructions. If this were not so, there would be little need for the complex system of probate courts in this country and the elaborate body of rules which has evolved to ascertain testator's true intent.

"One of the well-entrenched rules of construction is that the expression of one thing is held to be the exclusion of another. [The maxim, expressio unius est

exclusio alterius.] See Packer's Estate (No. 2), 291 Pa. 198 (1927); Reighard's Estate, 253 Pa. 43 (1916). . . ."

"What was testatrix's intent in the present case with respect to the burden of inheritance taxes in the pecuniary legacies? It is clear that, had she said nothing, the two legacies to the church would not have been subject to tax and taxes on all of the other pecuniary legacies would have been payable from the residue. But testatrix did not remain silent. She directed that the taxes on the two legacies to the church be paid from the residuary estate. We cannot assume that this provision was inserted without purpose. We must give effect to it if reasonably possible. It is well settled that a construction of a will which renders every word operative is to be preferred to one which makes some words and sentences idle and nugatory: Horn Estate, 351 Pa. 131 (1945); Calder's Estate, 343 Pa. 30 (1941). See also Vandergrift Estate, 406 Pa. 14 (1962). We therefore conclude from an examination of this will from its four corners that testatrix intended, by *implication*, that all of the other pecuniary legacies should bear their own share of inheritance taxes. Any other construction would render Item Seventh completely purposeless."

The auditing judge accordingly rules that since the present testatrix has expressly exonerated from the burden of tax one bequest and one only, to wit, the specific bequest of tangible property to Susan M. Myers, she has clearly by implication manifested an intent not to exonerate other legacies and bequests which were subject to tax. . . .

It may be observed that certain of the individual legatees have controverted the position taken by the accountant and that they have voiced their objections and argument by way of correspondence addressed to the court, despite the fact that they have had notice

588

in accordance with the rules of court that they should either appear in person or by counsel at the audit if they desire to assert their objections. It is not the practice of this court to have cases argued or presented to the court by correspondence. Accountant is directed to serve a copy of this adjudication by certified mail upon each of the complaining parties, Oscar F. Wilhelm, Louise C. Wilhelm and Arthur B. Wilhelm, and also upon each of the residuary legatees. Absolute confirmation of the account and adjudication will be withheld for a period of 20 days from the date of accountant's filing an affidavit with the court, evidencing the mailing of a copy of the adjudication to said parties. . . .

And now, to wit, November 1, 1965, the account is confirmed nisi, and absolute confirmation shall be withheld for a period of 20 days from the date of accountant's filing an affidavit, to be annexed hereto, evidencing the mailing of a copy of this adjudication to certain of the pecuniary legatees and to the residuary legatees as hereinabove directed.